# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

### CASE NO: 8-22-CV-00343-MSS-SPF

|  |  |
|---|---|
| VALERIE FLYNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CABLE NEWS NETWORK, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

## DEFENDANT CABLE NEWS NETWORK INC.'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Cable News Network, Inc. ("CNN") moves to dismiss with prejudice Plaintiff Valerie Flynn's Complaint (Dkt. 1) for failure to state a claim.

## INTRODUCTION

This defamation lawsuit arises out of a CNN report entitled "CNN Goes Inside A Gathering of QAnon Followers" (the "Report"). Plaintiff Valerie Flynn ("Plaintiff") is not the subject of the Report, nor named in the Report, nor discussed in the Report in any way. Instead, she appears for less than two seconds in a clip from a video (the "Video") posted to Twitter by her brother-in-law, General Michael Flynn ("General Flynn"), and incorporated into the Report. In that video, General Flynn, standing alongside Plaintiff and other members of the Flynn family recites the phrase, "Where We Go One, We Go All" (the "QAnon Slogan"), a slogan primarily (if not solely)

associated with the QAnon conspiracy theory. Based on this silent, unnamed, fleeting appearance, Plaintiff alleges that CNN called her "violent," "racist" and "anti-semitic," among other things.  Plaintiff's claims for defamation *per se* and defamation by implication fail.

    ***First***, as to the defamation *per se* claim, Plaintiff has failed to allege that the Report actually contained a false statement of fact about her. Instead, she seeks to strain the meaning of the Report beyond reasonability to concoct a falsity. Plaintiff's defamation *per se* claim also fails, because in pleading the defamatory character of the Report she repeatedly, and impermissibly, cites to sources *other than* to the Report itself.  By utilizing sources other than the Report, Plaintiff instead has attempted to plead a claim for defamation *per quod*.  But, any defamation *per quod* claim would fail, because Plaintiff has not plausibly alleged special damages, which is required for a defamation *per quod* claim under Florida law.

    **Second**, Plaintiff's defamation by implication claim fails because she has not adequately alleged which statements in the Report are literally true, a required element of an implication claim. Instead, she relies on the very same portions of the Report she alleges are *false* in the defamation *per* se claim – an inconsistency that demonstrates the patent absurdity of her Complaint. Because defamation by implication depends on the clear articulation of literally truthful facts, this failure dooms her claim.

    ***Finally***, Plaintiff does not – and cannot – plausibly plead that CNN acted negligently in publishing the Report, especially because prior news publications

reported on her participation in the Video that was made public by her very own family member – General Flynn.

Plaintiff is no doubt emboldened to bring this claim by a recent decision of United States District Court for the Southern District of New York, in which the court (applying *Rhode Island* law) held that Plaintiff's brother-in-law and his wife pleaded a claim for **false light** based on the same Report at issue here.  But Florida law does not recognize a claim for false light. Plaintiff was required to plead the elements of defamation *per se* or defamation by implication.  She did not do so here. The Compliant should be dismissed.

## BACKGROUND

### A.    The Parties

Plaintiff is a resident of Florida. Compl. ¶ 9. She is the sister-in-law of General Flynn, who served as former President Trump's National Security Advisor.[1]

CNN owns and operates numerous news platforms and services, including the television network known as CNN and the website www.cnn.com. *Id*. ¶ 10.

### B.    The "#TakeTheOath" Video and Resulting News Coverage

On July 4, 2020, General Flynn took part in a QAnon Twitter movement called #TakeTheOath by sharing the Video, which shows him leading his family, including Plaintiff, in reciting the oath of office given to federal elected officeholders. Compl. ¶

---

[1] Throughout this brief, CNN cites documents that are incorporated by reference into the Complaint, including the news segment at issue, several news publications and government documents and court filings. CNN respectfully requests that this Court take notice of these documents. *See infra*, note 2.

4873-3327-7971v.4 0050033-005131

3. When the oath is completed, General Flynn said the QAnon Slogan, which Plaintiff and the other family members repeat. *Id.*; Declaration of Katherine Bolger ("Bolger Decl.") Ex. 1, to be conventionally filed; *see* concurrently-filed Motion For Leave To File Audiovisual Exhibits. The Flynns then said "God Bless America." *Id.* Several news outlets, including CNN and the *Washington Examiner*, reported on the Video, describing the phrase spoken by the family as a "QAnon slogan." Compl. ¶ 3 n.1; Bolger Decl. Ex. 2; Report and Recommendation, *Flynn v. Cable News Network,* 2021 WL 6290046, at *3 (S.D.N.Y. Oct. 22, 2021) ("R. & R."), *report and recommendation adopted in part, rejected in part*, 2021 WL 5964129 (S.D.N.Y. Dec. 16, 2021).

### C.    QAnon and the QAnon Slogan

As the news and government sources incorporated in the Complaint establish, QAnon refers to a movement that promotes a set of unfounded conspiracy theories about a secret plot orchestrated by the so-called "Deep State" to control the world. Bolger Decl. Ex. 3. QAnon adherents share gifs, memes and slogans on social media as a way to express their opposition to the Deep State and support for each other. *See* R. & R.*,* 2021 WL 6290046 at *14. General Michael Flynn, in particular, is a hero of the QAnon movement. Bolger Decl. Ex. 2.

The QAnon Slogan is central to QAnon beliefs. *See United States v. Languerand*, 2021 WL 3674731, at *3 (D.D.C. Aug. 19, 2021) (describing "where we go one, we go all" as "a slogan used by adherents of the QAnon conspiracy theory."). It is incorporated into QAnon "anthems," and  featured on QAnon merchandise. Bolger Decl. Ex. 4. Its use is "pervasive" in the QAnon community. Bolger Decl. Ex. 2.

4

### D.      The Report

On February 4, 2021, CNN aired the Report. Compl. ¶ 3; Bolger Decl. Ex. 5. A chyron bearing the title "CNN Goes Inside a Gathering of QAnon Followers" remains at the bottom of the screen during the entirety of the Report (the "Chyron"). Bolger Decl. Ex. 5. The Report, which is three-and-a-half minutes long, is composed mostly of footage of reporter Donie O'Sullivan's ("O'Sullivan") attendance at a QAnon gathering in Arizona two weeks before the 2020 presidential election. The Report identifies several prominent QAnon figures, states that some took part in the Capitol insurrection, and then shows an individual singing a song that incorporates the phrase "where we go one, we go all," which O'Sullivan explains is an "infamous QAnon slogan that has been promoted by" General Flynn, "Trump's first national security advisor." *Id.* During O'Sullivan's explanation, the Report displays photos of the phrase abbreviated as "#WWG1WGA" and printed, with the letter "Q," on large flags, followed by a clip of General Flynn with Trump at a campaign rally. *Id.* O'Sullivan's statement is then followed with a two-second clip of the Video, showing General Flynn speaking the QAnon slogan. *Id.*  Plaintiff, who is not named, is also visible in the clip, but is not shown speaking any words, including the QAnon Slogan. *Id.* The Report also shows footage of Trump's refusal to disavow QAnon and concludes with the singer singing the QAnon Slogan.  *Id.*  Plaintiff's claims arise from the portion of the Report containing the two-second clip of the Video. Compl. ¶ 3.

### E.      The Flynn Family Sues CNN

In March 25, 2021, two members of Plaintiff's family – her brother-in-law Jack,

and his wife, Leslie – sued CNN in the Southern District of New York based on the Report (the "SDNY Suit").  *See Flynn v. Cable News Network,* 1:21-cv-02587-GHW (SDNY 2021). Their complaint, which is similar to Plaintiff's Complaint, alleged that CNN defamed them and cast them in a false light via the Chyron. The SDNY Suit included several Tweets defending QAnon beliefs. Bolger Decl. Ex. 6; *see* R. & R., 2021 WL 6290046, at *10. CNN moved to dismiss for failure to state a claim on several grounds, including because the plaintiffs had failed to plausibly plead defamation *per se*, special damages, negligence, and, most importantly, falsity, as their Twitter activity showed it to be substantially true that they are QAnon followers. Bolger Decl. Ex. 7.

On October 22, 2021, Magistrate Judge Cave issued the R. & R., holding that, "[b]y their own statements, … [Plaintiffs] connected themselves to QAnon, and therefore, cannot plausibly allege that CNN's statements were substantially false." R. & R., 2021 WL 6290046 at *15. The R. & R. held that both the defamation and false light claims failed as a matter of law. *Id.* at *13, *18.  The R. & R. also held that the plaintiffs failed to allege that the statement was defamatory *per se*, failed to plead special damages (based on boilerplate allegations that Plaintiff reproduces nearly verbatim), and failed to allege negligence as to Leslie Flynn. *Id.* at *15-18.

On December 16, 2021, Judge Wood in the SDNY Suit adopted in part and rejected in part the R. & R. *See Flynn*, 2021 WL 5964129. The court agreed that the plaintiffs had not pleaded a claim for defamation *per se* or special damages. *Id.* at *5-6. But the court reversed the dismissal of the false light claim and the R. & R. 's finding as to negligence. *Id.* at *6. The court appeared to reject the allegations in the plaintiffs'

4873-3327-7971v.4 0050033-005131

Amended Complaint that they were not affiliated with QAnon, and instead concluded that their Tweets "express[ed] support for QAnon and [were] evidence that the Flynns were QAnon followers." *Id.* at *4. Nonetheless, the court held that Plaintiffs' false light claim survived because it found Plaintiffs' expressions of support for QAnon did not "conclusively contradict" the plaintiffs' factual allegations that they were not QAnon followers. *Id.* at *4, *6.

On December 30, 2021 CNN moved for reconsideration, on the grounds that the court did not address, as it was required to do under settled Second Circuit precedent, whether the statement that Plaintiffs are "QAnon followers" has the same gist as "Plaintiffs expressed support for QAnon," and thus whether it is substantially true. Bolger Decl. Ex. 8. In addition, CNN argued that the court misapplied the applicable negligence standard in holding that the plaintiffs had plausibly alleged negligence. *Id.* That motion is currently pending.

### F.   This Lawsuit

Plaintiff filed this lawsuit on February 9, 2022, claiming that the Report falsely accused her of being a "QAnon follower." Compl. ¶ 3. The Complaint alleges two counts: defamation *per se* and defamation by implication. *Id.* ¶¶ 14-31. Plaintiff claims $25,000,000 in compensatory damages and $75,000,000 in punitive damages. *Id.* at 17.

## ARGUMENT

This Court should dismiss Plaintiff's complaint because she has not pleaded the elements of either a defamation *per se* or a defamation by implication claim. On the contrary, she is seeking to recover – as her relatives did under *Rhode Island* law –

7

because she believes the Report at issue made her look bad.  But such a claim could only sound in tort as a false light claim, and the Florida Supreme Court rejected false light claims in no small part to avoid just this type of nebulous pleading. *See Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098 (Fla. 2008). For a claim to be sustained under *Florida* law, Plaintiff must plead the specific elements of defamation *per se,* defamation *per quod* or defamation by implication.  She has not properly pleaded any of those here.

To survive a motion to dismiss for failure to state a claim, a complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Fuentes v. Mega Media Holdings, Inc.*, 721 F. Supp. 2d 1255, 1257 (S.D. Fla. 2010); *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("only a complaint that states a plausible claim for relief survives a motion to dismiss."). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citations omitted). A court need not accept "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And "[d]ismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). *See also Ortega Trujillo v. Banco Cent. del Ecuador*, 17 F. Supp. 2d 1340, 1342 (S.D. Fla. 1998).[2] In addition, Federal and Florida courts have long emphasized the

---

[2] While courts generally may not consider material outside the complaint on a motion to dismiss, a "district court may also consider documents referenced in the complaint, even if they are not physically attached, if the documents are (1) central to the complaint and (2) no party questions their authenticity." *Basson v. Mortg. Elec. Registration Sys., Inc.*, 741 F. App'x 770, 771 (11th Cir. 2018) (citing

4873-3327-7971v.4 0050033-005131

important role courts play in defamation cases and favor the early dismissal of untenable claims. *See Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016) ("there is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation"). Pretrial disposition is especially appropriate in defamation cases because of "the chilling effect" these cases have on First Amendment rights. *Karp v. Miami Herald Publ'g Co.*, 359 So. 2d 580, 581 (Fla. 3d DCA 1978).

## I.     FLORIDA LAW DOES NOT RECOGNIZE FALSE LIGHT CLAIMS

There is a substantial difference between the false light claim upheld in the SDNY Suit and the defamation *per se* and defamation by implication claims at issue here. In Rhode Island, a plaintiff can recover for false light when "(a) there has been some publication of a false or fictitious fact which implies an association which does not exist; and (b) the association which has been published or implied would be objectionable to the ordinary reasonable man under the circumstances." 9 R.I. Gen. Laws Ann. § 9-1-28.1(a)(4)(i)(A)-(B) (West 1980). But Florida has rejected false light as a viable cause of action. *See Jews for Jesus,* 997 So. 2d at 1114. The Florida Supreme

---

*Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)). Courts may also "go beyond the complaint to … consider[] matters of general public record." *Sizemore v. United States*, 651 F. Supp. 463, 466 (M.D. Fla. 1985). Here, the Complaint relies heavily on the Report itself, along with the Video, several news articles, transcripts of news broadcasts, and a House Resolution, to assert the purported defamatory meaning of the Report. *See* Bolger Decl. Exs. 1-3, 5, 9-13. These documents, attached to or referenced in the Complaint, are properly considered on this motion to dismiss because they are incorporated by reference into and are integral to the Complaint. *See, e.g., Horsley v. Feldt*, 304 F.3d 1125, 1134-35 (11th Cir. 2002) (applying incorporation by reference doctrine and considering article containing allegedly defamatory statements as part of pleadings). Judicial notice of documents is also permissible for the purpose of establishing that the information was publicly available, rather than for their truth. *See In re Greenlane Holdings, Inc. Sec. Litig.*, 511 F. Supp. 3d 1283, 1307 n.15 (S.D. Fla. 2021).

Court has made clear that the "danger of unreasonably impeding constitutionally protected speech" posed by that tort's subjective, ever-shifting measure of harm far outweighs the risk of leaving a "wrong without a remedy." *Id.* Accordingly, Florida plaintiffs seeking redress for critical speech must plead the specific elements of defamation *per se* or *per quod*, or defamation by implication – including, respectively, a "false statement of fact" *id.* 1109, or "literally true statements that create a false impression." *Id.* at 1106.  Plaintiff has not done so.

## II.    PLAINTIFF HAS NOT PLEADED DEFAMATION *PER SE*

Plaintiff has not pleaded a cause of action for defamation *per se.*

### A.    Plaintiff Has Not Pleaded The Report Is Of And Concerning Her

First, Plaintiff cannot establish that the Report made any statements at all, much less defamatory ones, about her.  Plaintiff bears the burden of pleading and proving that the alleged defamation is about or, put differently, "of and concerning" her.  *See Parekh v. CBS Corp.*, 820 F. App'x 827, 833 (11th Cir. 2020).  "[I]f a defamed person is not named in the defamatory publication, the communication as a whole [must] contain[ ] sufficient facts or references from which the injured person may be determined by the persons receiving the communication.'"  *Mac Isaac v. Twitter, Inc.*, 2021 WL 3860654, at *4 (S.D. Fla. Aug. 30, 2021) (citations omitted). "The relevant inquiry is whether the average person upon reading [the] statements could reasonably have concluded that the plaintiff [ ] was implicated'" by the alleged defamatory statements.  *Id.* (citations and internal quotation marks omitted).  Critically, it is not enough that the Plaintiff happens to appear in the Report.  Instead, "[t]he 'of and

10

concerning' requirement … can be decided as a matter of law where the statements are incapable of supporting a jury's finding that the *allegedly libelous statements* refer to a plaintiff." *Thomas v. Jacksonville Television, Inc.*, 699 So. 2d 800, 805 (Fla. 1st DCA 1997) (emphasis added; internal quotation marks omitted) (citing *Anyanwu v. Columbia Broad. Sys., Inc.*, 887 F. Supp. 690, 692 (S.D.N.Y.1995)).

In this case, Plaintiff has failed to allege that the Report contains any defamatory statements about her.  Plaintiff's chief concern seems to be that she was "harmed by the mere association with QAnon," Compl. ¶ 22 n.5.  But the Report makes no such association.  The Report says <u>General Flynn</u> promoted the QAnon Slogan – but Plaintiff is not General Flynn, and being associated with someone is not, absent more, defamatory.  *See Tracy v. Newsday, Inc.*, 5 N.Y.2d 134, 138 (1959) (statement that plaintiff aided criminal was "false and probably offensive, but … not actionable").  Instead, in the actual Report, Plaintiff is **barely** seen, is not identified, and is not heard saying anything. To the extent the Report says anything at all about Plaintiff, it is that she stood next to her family member General Flynn while he said the QAnon Slogan.  In short, the Report does not associate Plaintiff with QAnon.  On the contrary, it says absolutely nothing about Plaintiff.  For this reason, the Complaint must be dismissed.[3]

### B.    Plaintiff Has Not Pleaded CNN Published A False Statement of Fact

The defamation *per se* claim also fails because Plaintiff has not identified a false,

---

[3] While the R. & R. found that Plaintiff's family members had pleaded that the Report was of and concerning them, it did so primarily because they alleged that one person – Leslie Flynn's friend – recognized them from the telecast.  R. & R., 2021 WL 6290046 at *13.  Here, by contrast, Plaintiff has failed to identify a single person who recognized her from the Report, let alone a person who understood the allegedly defamatory statements to refer to her specifically.

defamatory statement of fact actually contained in the Report. Falsity "is the *sine qua non* for recovery in a defamation action." *Byrd v. Hustler Magazine, Inc.,* 433 So. 2d 593, 595 (Fla. 4th DCA 1983); *see also Hallmark Builders Inc. v. Crylad Builders*, 733 F2d 1461, 1464 (11th Cir. 1984). Here, in support of her defamation *per se* claim, Plaintiff alleges that the Report is false because it "accused Valerie of being a 'follower' of the 'dangerous', 'violent', 'racist', 'extremist', 'insurrectionist', 'domestic terrorism' movement – QAnon." Compl. ¶ 3. But despite Plaintiff's best efforts to muddy the record, the Report does not say that. In fact, none of those words are in the Report. And the actual content of the Report – as Plaintiff herself pleads – is true. Plaintiff admits she was there when General Flynn said "where we go one, we go all" on the Fourth of July with his family, and she pleads that the Video was posted to Twitter by General Flynn. Compl. ¶ 3. And the Tweet, which is incorporated by reference, undeniably included the QAnon hashtag, #Taketheoath. Bolger Decl. Ex. 1. Plaintiffs have, therefore, failed to identify a single false statement of fact in the Report.

To avoid this truth, Plaintiff urges the Court to consider **only** a screenshot of the image of the Flynns saying the QAnon Slogan and the Chyron that she says "state or implies that she is a QAnon follower." But this court need not accept Plaintiff's strained construction. Whether "the statement at issue [is] reasonably capable of a defamatory interpretation" ascribed to it by the Plaintiff is a question of law. *Keller v. Miami Herald Publ'g Co.*, 778 F.2d 711, 714-15 (11th Cir. 1985). The key question is not what the Plaintiff alleges but "how a reasonable and common mind would understand the statements," and the court "should not give the statements a tortured

12

interpretation." *Schiller v. Viacom, Inc.*, 2016 WL 9280239, at *8 (S.D. Fla. Apr. 4, 2016); *Byrd*, 433 So. 2d at 595 ("the statement should be considered in its natural sense without a forced or strained construction."); *Nelson v. Associated Press, Inc.*, 667 F. Supp. 1468, 1477 (S.D. Fla. 1987) ("[T]he court need not accept an interpretation which is tortured and extreme.").

C.     **Plaintiff Has Not Pleaded That CNN Published Anything Defamatory**

Plaintiff's central allegation is that she is defamed by the Chyron, which she alleges accuses her of being a QAnon follower.  But the Chyron reads "Inside A Gathering of QAnon Followers," is exhibited throughout the entire Report, and very clearly refers to the Arizona gathering that is the central focus of the Report.  No reasonable reader could conclude that it describes everyone whose image appears in the Report.

In assessing Plaintiff's claim, this Court must look to the actual words published by CNN to assess their meaning. *See, e.g.*, *Desnick v. Am. Broad. Companies, Inc.*, 44 F.3d 1345, 1355 (7th Cir. 1995) ("If the broadcast itself does not contain actionable defamation … then the target has no legal remedy") (citations omitted).  And "a publication must be considered in its totality." *Byrd*, 433 So. 2d at 595 ("Articles are to be considered with their illustrations; pictures are to be viewed with their captions; stories are to be read with their headlines."); *see Smith v. Cuban Am. Nat'l Found.*, 731 So. 2d 702, 705 (Fla. 3d DCA 1999) ("To determine whether a statement is defamatory, it must be considered in the context of the publication.").  Thus, when an

13

alleged defamatory meaning flows from a chyron shown throughout the entirety of an allegedly defamatory publication, it is proper to review the publication as a whole because the chyron may be "temper[ed] by the content of a [ broadcast]: the article may clarify the headline in such a way that no reader could reasonably believe the defamatory meaning of the headline." *Crall v. Gannett Satellite Info. Network, Inc.*, 1992 WL 400713, at *3 (S.D. Ohio Nov. 6, 1992) (headline that intimated that plaintiff faced jail sentence for misdemeanor was not defamatory where article made clear he only had to pay a fine); *see, e.g., Sabino v. WOIO, L.L.C.*, 56 N.E.3d 368, 379-80 (Ohio Ct. App. 2016) (banner stating "Child Porn Found on Computer" not defamatory where broadcast clarified that plaintiff was only suspected of having child pornography); *Smith v. Sandusky Newspapers, Inc.*, 2018 WL 3046537, at *3-4 (N.D. Ohio June 20, 2018) (headline stating that plaintiff stole was nonactionable because context showed that headline was describing "unproved, unadjudicated charge"); *Molin v. Trentonian*, 297 N.J. Super. 153, 157 (N.J. Super. App. Div. 1997) (dismissing plaintiff's claim that an article headline implied that he had been convicted of stalking where the article made it clear he had only been arrested for and charged with stalking).

Here the Chyron that is displayed throughout the Report reads "Inside A Gathering of QAnon Followers" and is an obvious reference to the convention in Arizona that is the subject of most of the Report. *See, e.g.,* Bolger Decl. Ex. 5.  And the Report, as a whole, does not suggest that Plaintiff attended that conference:  the Video takes place outdoors by a firepit, not in a conference room in Arizona, and the narration makes clear that the Video was included to contextualize the prominent use

14

of the QAnon Slogan by the gathering's attendees. *See Rubin v. U.S. News & World Report*, 271 F.3d 1305, 1307 (11th Cir. 2001) (article about drug trafficking that included photograph of and quote by plaintiff was not defamatory where plaintiff's likeness and statement were included to provide context to reporting).  In addition, the Chyron continues to be shown when the face of Travis View, an anti-QAnon blogger, is displayed. It simply defies credulity to suggest that the Chyron accuses everyone that appears in the Report of being a QAnon follower.

No reasonable reader would ascribe to the Report the defamatory meanings Plaintiff proffers in her Complaint and the only facts actually contained in the Report – *i.e.* that Plaintiff spoke the QAnon Slogan – are admittedly true. Plaintiff's claims should therefore be dismissed, with prejudice. [4]

### D.    Plaintiff's Defamation *Per Se* Claim Relies On Extrinsic Evidence

Plaintiff has also failed to plausibly allege that the alleged defamatory meaning she ascribes to the Report is *per se* defamatory. [5] Under Florida law, defamation may be "established *per se* or *per quod*." *Anderson v. Smith*, 2020 WL 10058207, at *1 (M.D. Fla. Mar. 24, 2020). Relevant here, a publication "rises to the level of libel per se if, **when considered alone and without innuendo**, it … tends to subject one to hatred,

---

[4] In the Complaint, Plaintiff states that the court in the SDNY Suit found the Chyron to be defamatory.  Compl. ¶ 19.  To support this, Plaintiff cites *Flynn*, 2021 WL 5964129 at *4, which in turn cites the R&R.  But the R&R did not actually reach the issue, instead concluding that the statements at issue were substantially true.  *See White v. Fraternal Ord. of Police*, 909 F.2d 512, 520 (D.C. Cir. 1990) ("Defamatory meaning and falsity are distinct elements of the tort of defamation and are considered separately.")

[5] The court in the SDNY Suit held that Plaintiff's relatives had failed to plausibly plead defamation *per se. Flynn*, 2021 WL 5964129, at *5.

distrust, ridicule, contempt, or disgrace….”*Id.* at *2 (emphasis added; quotations and citation omitted); *Daniels v. HSN, Inc.*, 2020 WL 533927, at *3-4 (M.D. Fla. Feb. 3, 2020). Thus, a *per se* defamation claim exists only where words “upon their face and **without the aid of extrinsic proof were injurious**.” *Boyles v. Mid-Fla. Television Corp.*, 431 So. 2d 627, 633 (Fla. 5th DCA 1983), *approved*, 467 So. 2d 282 (Fla. 1985) (emphasis added; quotations and citation omitted). “In a per se action, consideration is only given to the four corners of the publication.” *Daniels*, 2020 WL 533927 at *4. Indeed, “looking outside the four corners of the [publication] … would run afoul the very nature of a *per se* action.” *Mac Isaac*, 2021 WL 3860654, at *5.

Here, Plaintiff’s defamation *per se* claim is undercut by her own Complaint, which is replete with references to extrinsic evidence. In fact, her essential assertion of falsity and defamatory meaning, that CNN “falsely accused [Plaintiff] of being a ‘follower’ of the ‘dangerous’, ‘violent’, ‘racist’, ‘extremist’, ‘insurrectionist’, ‘domestic terrorism’ movement – QAnon,” Compl. ¶ 3, is alleged to be defamatory *only* by reference to other sources. She states that the FBI and DHS have called QAnon a “domestic violence extremist … group” and a “domestic terrorism threat.” Compl. ¶ 1. She cites the *Wall Street Journal* for the contention that QAnon “adherents of QAnon were among the ‘most prominent members of the mob’ who stormed the … Capitol” on January 6. *Id.*; Bolger Decl. Ex. 3. She cites 60 Minutes to say, QAnon espouses an “extremist ideology.” *Id.*; Bolger Decl. Ex. 12. And she cites a *different* CNN telecast that compared QAnon’s claims to “age-old racist and anti-Semitic beliefs,” and that

QAnon was a "dangerous and violent movement." *Id.* ¶ 2; Bolger Decl. Ex. 11. Moreover, as direct evidence that "CNN's false statements constitute defamation *per se*," Plaintiff cites House Resolution 1094, a "wholesale condemnation" of QAnon that passed in October 2020. *Id.* ¶ 20 n.4; Bolger Decl. Ex. 13. But none of the language that she cites to appears in the Report.[6] Simply put, Plaintiff has not adequately alleged the Report is defamatory on its face and therefore has not alleged defamation *per se*.[7]

### E.   Plaintiff's Defamation *Per Quod* Claim Is Fatally Deficient

Even if converted to one for defamation *per quod,* Plaintiff's claim is deficient. Defamation *per quod* requires the defamatory statement "be put into context so as to demonstrate its defamatory meaning or that the plaintiff is the subject of the statement." *Anderson,* 2020 WL 10058207, at *3 (citation and quotation omitted). Importantly, "special damages, that is 'actual economic damage,' must be proven to state a claim," and to claim special damages, a plaintiff must plead a "realized or liquidated loss." *Id.*; *see Daniels*, 2020 WL 533927 at *6 ("[T]he chief characteristic of special damages is a realized or liquidated loss."); *Falic v. Legg Mason Wood Walker,*

---

[6] *See supra*, Section II.B.

[7] Critically, even if the Report called Plaintiff a QAnon follower, that would not amount to defamation *per se*, because when judged "by the temper of the times and the current of contemporary public opinion" saying one is a QAnon follower, without more, is not defamatory, even if some people find QAnon's views extreme. *See Pritchard v. Herald Co.*, 120 A.D.2d 956, 956 (N.Y. App. 4th Dep't 1986) (describing plaintiff as "controversial" or a "black activist" not defamatory); *see Weinstein v. Friedman*, 1996 WL 137313, at *14 (S.D.N.Y. Mar. 26, 1996), *aff'd*, 112 F.3d 507 (2d Cir. 1996) ("militant activist" not susceptible to defamatory meaning); *Steinman v. Di Roberts*, 23 A.D.2d 693, 693-94 (N.Y. App. 2d Dep't 1965), *aff'd*, 17 N.Y.2d 512 (N.Y. 1966) (statements labeling plaintiff as a "left-winger" who "espouses programs and ideas [connected] to a 'liberal' political segment in our society" not defamatory).  That is especially true in the context of the Report, in which the former President of the United States is shown refusing to disavow QAnon.

4873-3327-7971v.4 0050033-005131

*Inc.*, 347 F. Supp. 2d 1260, 1268 (S.D. Fla. 2004) ("Special damages are actual, out of pocket losses which must be proven by specific evidence as to the time, cause and amount[.]"). Where a plaintiff fails to show special damages, a "claim for defamation *per quod* fails." *See Daniels*, 2020 WL 533927 at *5 (converting *per se* into *per quod* claim and holding that the "[p]laintiff has not pointed to any evidence of special damages"). Critically, "it is not enough to claim damages in a conclusory manner; rather ... [the] injurious effect must be established by due allegation and proof.'" *Anderson*, 2020 WL 10058207, at *3-4 (plaintiff failed to plead special damages because the "FAC does not identify [the p]laintiff's present professional vocation or endeavors" and "does not allege an actual loss of employment, or a realized loss attributable to her diminished stature in the community.")

Here, Plaintiff alleges that CNN has caused her "presumed damages and actual injury, including, but not limited to, insult, pain, embarrassment, humiliation, emotional suffering, injury to her reputation, lost future earnings and diminished earning capacity," Compl. ¶¶ 23, 25, 30. But that is all. As in *Anderson,* Plaintiff does not state whether she is currently employed (or where), or allege with *any* specificity that, let alone how, the Report jeopardized that job, or her job prospects more generally. And she fails to connect any "realized loss" to the supposed reputational harm she alleges the Report caused. In short, Plaintiff's boilerplate recitals and conclusory assertions are insufficient to state a claim. In fact, the SDNY court held that the New York plaintiffs' nearly identical damages allegations were insufficient to plead special damages. Even if the Court was to consider Plaintiff's claim as one for

defamation *per quod*, it would fail, as she has not pleaded special damages.[8]

Plaintiff, therefore, has failed to make out a claim for defamation *per se* or *per quod* under Florida law.

## III.   PLAINTIFF HAS NOT PLEADED DEFAMATION BY IMPLICATION

Plaintiff's defamation by implication claim is similarly fatally deficient.

### A.   Plaintiff Has Failed To Allege The Literal Truth Of The Juxtaposed Facts

Whether statements are defamatory by implication is a question of law. *Turner v. Wells*, 879 F.3d 1254, 1269 (11th Cir. 2018) (citing *Brown v. Tallahassee Democrat, Inc.*, 440 So. 2d 588, 590 (Fla. 1st DCA 1983)). To plead defamation by implication, a plaintiff must show "(1) a juxtaposition of a series of facts so as to imply a defamatory connection between them, or (2) the creation of a defamatory implication by omitting facts." *Klayman v. City Pages*, 2014 WL 12621240 (M.D. Fla. July 9, 2014), *aff'd*, 650 F. App'x 744, 749 (11th Cir. 2016) (citing *Jews for Jesus*, 997 So. 2d at 1106). Because "defamation by implication applies in circumstances where literally true statements are conveyed in such a way as to create a false impression," a plaintiff must therefore specifically allege that the underlying statements are literally true. *Jews for Jesus,* 997 So.2d at 1108; *see also Klayman*, 2014 WL 12621240, at *6.

Here, Plaintiff may have pleaded the implication – "CNN juxtaposed a series

---

[8] Florida law has "eliminate[d] presumed damages for defamation *per se* actions against media defendants." *Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1119 (S.D. Fla. 2021) (citing *Mid-Florida Television Corp.*, 467 So. 2d 282); *see also Rubinson v. Rubinson*, 474 F. Supp. 3d 1270, 1274 (S.D. Fla. 2020) ("Plaintiff's first count, defamation per se, is a tort recognized under Florida law when brought against a non-media defendant.") (citation omitted). Accordingly, this Court should strike Plaintiff's allegations of presumed damages. Compl. ¶¶ 25, 30.

of facts so as to imply a defamatory connection between" Plaintiff and QAnon, Compl. ¶ 28 – but she skipped the first step. She has failed to allege what literally true facts give rise to the alleged defamatory implication. *Sloan v. Shatner*, 2018 WL 3769968, at *6 (M.D. Fla. June 22, 2018) ("Plaintiff must … allege that the underlying statements are true"); *see also Jews for Jesus,* 997 So. 2d at 1106; *Klayman*, 2014 WL 12621240 at *6*. In fact, it is entirely unclear from the Complaint what literally true facts Plaintiff claims support her defamation by implication claim as opposed to what false facts she claims support her defamation claim – because they seem to be one and the same. Plaintiff relies on the very same paragraphs of her Complaint (paragraphs 1-13) to support *both* claims, *compare* Compl. ¶ 14 *with* ¶ 16, and indeed, many of those paragraphs allege that the Report makes *false* statements, not truthful ones. *See, e.g.,* Compl. ¶¶ 6, 7; *see Jacoby v. Cable News Network, Inc.*, 537 F. Supp. 3d 1303, 1313 (M.D. Fla. 2021), *aff'd*, 2021 WL 5858569 (11th Cir. Dec. 10, 2021) ("The [c]ourt cannot accept as true [p]laintiff's allegation … that this statement is false, while also accepting as true [p]laintiff's allegation … that this same statement is true."). Plaintiff has simply failed to plead the literally true facts she claims gave rise to the defamatory implication. For this reason alone, her claim must fail.

To the extent Plaintiff seeks to plead defamation by implication through the omission of certain facts, that argument also fails. Plaintiff alleges that CNN defamed her by omitting from the version of the Video appearing in the Report footage of Plaintiff speaking the federal oath of office and the words "God Bless America." Compl. ¶ 3. But including those portions would not change the gist of the Report.

20

With or without Plaintiff's expressions of patriotism, Plaintiff stood next to General Flynn when he took part in the #taketheoath movement and spoke the QAnon Slogan.

*Nix v. ESPN, Inc.* is on point. There, the court considered defamation claims brought by the owner of a sports training center against several media organizations. 772 F. App'x 807, 808–09 (11th Cir. 2019). The defendants had reported on a lawsuit filed by the plaintiff against the MLB after the league began investigating the plaintiff for illegally selling performance enhancing drugs, and they included the plaintiff's admission in his complaint that his business used IGF-1, a banned drug. *Id.* at 808. The plaintiff alleged that the articles at issue were false and defamatory because they did not specify whether he "sold synthetic or natural IGF-1, and this omission implied that [he] sold illegal drugs." *Id.* at 814. The court disagreed, holding that the "omission of any distinction between synthetic and natural IGF-1 does not render the statements untrue or defamatory," as that distinction had no bearing on why the drug was banned. *Id.* Here, as in *Nix*, CNN's omissions do not make the Report defamatory. Plaintiff's patriotism does not change the fact that she spoke the QAnon Slogan.[9]

Indeed, CNN's omissions arguably cast Plaintiff in a *better* light than does the full, un-edited Video. Had CNN included the full Video, its viewers would have seen Plaintiff using the QAnon Slogan, which was emblazoned on clothing worn by individuals who stormed the Capitol. The actual, unedited footage, therefore, would

---

[9] In fact, individuals who stormed the Capitol believed they were upholding the Constitution and protecting their rights. *See, e.g., Languerand*, 2021 WL 3674731 at *10 (individual who allegedly participated in January 6 "repeatedly referred to himself and his fellow rioters as 'Patriots,' … and … accused the FBI of 'persecuting the patriots who stood up for their constitutional rights'").

4873-3327-7971v.4 0050033-005131

more closely have aligned Plaintiff with QAnon even than the Report as aired. Including that footage could not have made the Report *less* defamatory.

**B.    Plaintiff Cannot Show That CNN Intended the Alleged Defamatory Implication**

Plaintiff's claim also fails because Plaintiff has not plausibly alleged CNN intended the alleged defamatory implication. "Because the Constitution provides a sanctuary for truth . . . the defamatory language must not only be reasonably read to impart the false innuendo, but it must also affirmatively suggest that the author **intends or endorses** the inference." *Jews for Jesus*, 997 So. 2d at 1107 (emphasis added) (quoting *Guilford Transp. Indus., Inc. v. Wilner*, 760 A.2d 580, 596 (D.C. 2000)). Court across the country agree. *See, e.g.*, *Compuware Corp. v. Moody's Investors Servs.*, 499 F.3d 520, 528-29 (6th Cir. 2007); *Howard v. Antilla*, 294 F.3d 244, 252 (1st Cir. 2002); *Newton v. Nat'l Broad. Co.*, 930 F.2d 662, 681 (9th Cir. 1990); *Saenz v. Playboy Enters., Inc.*, 841 F.2d 1309, 1317-18 (7th Cir. 1988).

Plaintiff has not sufficiently pleaded intent.  Plaintiff's only effort to comply with this requirement is to assert that CNN's editing of the Video shows that it "intended and endorsed the defamatory meaning [that Plaintiff is QAnon follower]." Compl. ¶ 3. But this boilerplate allegation is insufficient as a matter of law. As with all allegations, Plaintiff was required to plead facts that provide a plausible basis to believe a tort had been committed. *Iqbal*, 556 U.S. at 682. Plaintiff simply failed to plead any such facts. And, in any event, Plaintiff could not do so. As is clear when viewing the Report as a whole, neither Plaintiff nor her family is the subject of CNN's reporting.

Bolger Decl. Ex. 5.  The reporting focuses on the Arizona gathering, and it is clear that Plaintiff's July 4 oath-taking was not at that gathering.  *Id.*  And the Video is used only to contextualize the phrase "where we go one we go all" within its broader contention that Trump and General Flynn legitimized and amplified QAnon through their refusal to disavow its beliefs and through the promotion of its slogan.  *Id.*  The Report does not demonstrate CNN's supposed intent to call Plaintiff a QAnon follower.

### C.    Plaintiff Has Failed To Plausibly Allege Negligence

Finally, Plaintiff has not adequately alleged negligence. Under Florida law, a private figure plaintiff must prove "that the defendant published the [challenged] statements with negligence, … *i.e.*, without reasonable care as to whether the alleged false and defamatory statements were actually true or false."[10] *Miami Herald Publ'g Co. v. Ane*, 423 So. 2d 376, 378 (Fla. 3d DCA 1982), *approved*, 458 So. 2d 239 (Fla. 1984). Moreover, a publisher is not negligent as a matter of law where it relied on "other reliable periodicals, newspapers and wire service reports" for its story. *Nelson,* 667 F.Supp. at 1477; *see also Watkins v. Washington Post*, 2018 WL 805394, at *7 (D. Md. Feb. 9, 2018) ("reporters are not negligent … when relying on other reputable sources"). Here, Plaintiff pleads no facts that plausibly allege that CNN acted negligently in telecasting the Report. *See Hakky v. Washington Post Co.*, 2010 WL 2573902, at *2 (M.D. Fla. June 24, 2010) (holding that the plaintiff's allegations "do not contain adequate facts under *Iqbal* to demonstrate that [the d]efendants acted

---

[10] For purposes of this motion only, CNN assumes, but by no means concedes, that Plaintiff is a private figure.

negligently" in publishing the allegedly defamatory statements); *accord Karp*, 359 So. 2d at 581 (per curiam) (dismissing plaintiff's defamation claim where plaintiff failed to offer evidence to support a finding of negligence).

Instead, Plaintiff concedes, as she must, that she participated in the #taketheoath movement, including by speaking the words "where we go one, we go all." Compl. ¶ 3. As discussed above, it is a matter of public record that the phrase is commonly used by QAnon followers, and Plaintiff herself provides substantial evidence that the QAnon Slogan is a core QAnon belief. *See* Bolger Decl. Exs. 2, 9. Moreover, Plaintiff alleges that before the Report was distributed, news organizations throughout the country reported on the Video, emphasizing that the Flynn family used "a slogan associated with QAnon." Bolger Decl. Ex. 2; Compl. ¶ 3 n.1.  Plaintiff herself notes that General Flynn posted the Video to Twitter.  Compl. ¶ 3.  It is therefore plain, from Plaintiff's own Complaint and from the public record, that she was publicly described as a "QAnon follower" long before the Report was telecast. These facts demonstrate that CNN would not have had reasonable grounds to doubt the allegedly defamatory allegation that Plaintiff was affiliated with QAnon. In short, Plaintiff has not adequately pleaded negligence.

## **CONCLUSION**

For the foregoing reasons, this Court should dismiss Plaintiff's claims with prejudice.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Counsel for CNN certifies that she conferred with counsel for Plaintiff by

detailed email dated March 3, 2022 describing the grounds for this motion and offering to speak by phone. Counsel for Plaintiff said that counsel for CNN's email sufficiently stated CNN position, that Plaintiff intends to oppose the motion in full, and that further communication was not required.

Respectfully submitted,

| | |
|---|---|
| SHULLMAN FUGATE PLLC<br><br>By: */s/ Deanna K. Shullman*<br>Deanna K. Shullman<br>Florida Bar No. 514462<br>Giselle M. Girones<br>Florida Bar No. 124373<br>Minch Minchin<br>Florida Bar No. 1015950<br>2101 Vista Parkway, Ste. 4006<br>West Palm Beach, Florida 33411<br>Telephone: (561) 429-3619<br>dshullman@shullmanfugate.com<br>ggirones@shullmanfugate.com<br>mminchin@shullmanfugate.com | DAVIS WRIGHT TREMAINE LLP<br><br>Katherine M. Bolger*<br>Meenakshi Krishnan*<br>Sam F. Cate-Gumpert*<br>1251 Avenue of the Americas<br>New York, New York 1002<br>Telephone: (212) 489-8230<br>katebolger@dwt.com<br>meenakshikrishnan@dwt.com<br>samcategumpert@dwt.com<br><br>**Pro Hac Vice* pending<br><br>*Counsel for CNN* |

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2022 a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.

*/s/ Deanna K. Shullman*
Deanna K. Shullman

4873-3327-7971v.4 0050033-005131