## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION
## CASE NO: 8-22-CV-00343-MSS-SPF

| | |
|---|---|
| VALERIE FLYNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CABLE NEWS NETWORK, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

## <u>DEFENDANT CABLE NEWS NETWORK INC.'S</u>
## <u>MOTION TO DISMISS FIRST AMENDED COMPLAINT</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Cable News Network, Inc. ("CNN") moves to dismiss Plaintiff Valerie Flynn's ("Plaintiff") Amended Complaint (Dkt. 27) (the "FAC") for failure to state a claim.

## <u>INTRODUCTION</u>

This defamation lawsuit arises out of a CNN report titled "CNN Goes Inside A Gathering of QAnon Followers" (the "Report"). Plaintiff is not the subject of the Report, nor named in the Report, nor discussed in the Report. Instead, she appears for less than two seconds in a clip from a video (the "Video") posted to Twitter by her brother-in-law, General Michael Flynn ("General Flynn"), and incorporated into the Report. In the Video, General Flynn, standing alongside Plaintiff and other members of their family, himself recites the phrase, "Where We Go One, We Go All" (the "QAnon Slogan"), a slogan primarily (if not solely) associated with the QAnon

conspiracy theory. Based on this unnamed, fleeting appearance during which Plaintiff does not utter a word, she alleges that CNN called her "violent," "racist" and "anti-Semitic," among other things. Plaintiff's claims for defamation *per se* and defamation by implication fail.

In fact, Plaintiff's FAC, filed in response to CNN's prior motion to dismiss, serves merely to highlight the implausibility of Plaintiff's claims. Plaintiff again pleads that the false *statement* of fact that is the basis of her defamation *per se* claim is also the false *implication* at the heart of her defamation by implication claim, and continues to base both claims on the same set of facts. But because defamation is *either* express *or* implied, Plaintiff has failed to plausibly plead either.

***First***, as to the defamation *per se* claim, Plaintiff's claim fails because she seeks to strain the meaning of the Report beyond all reason to create falsity where none exists. And Plaintiff's defamation *per se* claim also fails because in pleading the allegedly defamatory character of the Report she repeatedly, and impermissibly, cites to sources *other than* the Report itself. In so doing, it seems that Plaintiff has attempted to plead a claim for defamation *per quod*. But, any defamation *per quod* claim would fail because Plaintiff has not plausibly alleged special damages, which are required under Florida law.

**Second**, Plaintiff's defamation by implication claim (which requires allegations that CNN published true facts) fails because the omissions on which it is based actually *help* Plaintiff; had CNN aired the unedited version of the Video, as Plaintiff believes it

2

should have done, viewers would have seen Plaintiff holding up her hand as she spoke the QAnon Slogan – footage that *does not appear* in the Report itself.

*Finally*, Plaintiff does not – and cannot – plausibly plead that CNN acted negligently in publishing the Report, because Plaintiff concededly spoke the QAnon Slogan in the Video and because the connection between the Flynns and QAnon had already been widely reported on when General Flynn first posted the Video. CNN, therefore, would not have had reasonable grounds to doubt that Plaintiff was, in fact, a follower of QAnon.

Plaintiff is no doubt emboldened to bring this claim by a recent decision of United States District Court for the Southern District of New York, in which the court (applying *Rhode Island* law) held that Plaintiff's brother-in-law and his wife's **false light** claim based upon the Report was sufficient to withstand CNN's motion to dismiss. Her problem, however, is that Florida law does not recognize a claim for false light. In this action, therefore, Plaintiff was required to plead the elements of defamation *per se* or defamation by implication. She did not do so, and the FAC should be dismissed.

## BACKGROUND

### A.    The Parties

Plaintiff is a resident of Florida. FAC ¶ 20. She is the sister-in-law of General Flynn, who served as former President Trump's National Security Advisor. *Id.* ¶ 2.

CNN owns and operates numerous news platforms and services, including the television network known as CNN and the website www.cnn.com. *Id*. ¶ 17.

### B.    The "#TakeTheOath" Video and Resulting News Coverage

3

On July 4, 2020, General Flynn took part in a Twitter movement called #TakeTheOath by sharing the Video, which shows him leading his family, including Plaintiff, in reciting the oath of office given to federal elected officeholders. FAC ¶¶ 3-5. When the oath is completed, General Flynn recites the separate QAnon Slogan, which Plaintiff and her family repeat. *Id.*; Declaration of Katherine Bolger ("Bolger Decl." (Dkt. 19)) Ex. 1; *see* Notice of Conventional Filing (Dkt. 26) (a thumb drive containing the Video is attached thereto ("Thumb Drive")). The Flynns then said "God Bless America." FAC ¶ 5. Many news outlets, including CNN, the *Washington Examiner*, and the *Independent*, reported on the Video, describing the phrase spoken by Plaintiff as a "QAnon slogan." Bolger Decl. Ex. 2; Supplemental Declaration of Katherine Bolger ("Supp. Bolger Dec.") Exs. 1-2; Report and Recommendation, *Flynn v. Cable News Network,* 2021 WL 6290046, at *3 (S.D.N.Y. Oct. 22, 2021) ("R. & R."), *report and recommendation adopted in part, rejected in part*, 2021 WL 5964129 (S.D.N.Y. Dec. 16, 2021).

C.     **QAnon and the QAnon Slogan**

As the news and government sources incorporated in the FAC establish, QAnon refers to a movement that promotes a set of unfounded conspiracy theories about a secret plot orchestrated by the so-called "Deep State" to control the world. Bolger Decl. Ex. 3.[1] QAnon adherents share gifs, memes and slogans on social media

---

[1] CNN cites herein documents that are incorporated by reference into the FAC, including the news segment at issue, several news publications, government documents and court filings. This Court may "consider documents referenced in the FAC, even if they are not physically attached, if the documents are (1) central to the complaint and (2) no party questions their authenticity." *Basson v. Mortg. Elec. Registration Sys., Inc.*, 741 F. App'x 770, 771 (11th Cir. 2018) (citing *Day v. Taylor*, 400 F.3d 1272, 1276

as a way to express their opposition to the Deep State and support for each other. *See R. & R.,* 2021 WL 6290046 at *14. General Michael Flynn has been characterized as a "hero" in the QAnon movement.  Bolger Decl. Ex. 9; *see also* Supp. Bolger Decl. Ex. 2.

The QAnon Slogan is central to QAnon beliefs. *See United States v. Languerand*, 2021 WL 3674731, at *3 (D.D.C. Aug. 19, 2021) ("where we go one, we go all" is "a slogan used by adherents of the QAnon conspiracy theory."). It is incorporated into QAnon "anthems," and featured on QAnon merchandise. Bolger Decl. Ex. 5. Its use has been described as "pervasive" in the QAnon community. *Id.* Ex. 2

### D.    The Report

On February 4, 2021, CNN aired the Report. FAC ¶ 3; Bolger Decl. Ex. 5; *see* Thumb Drive. The Report, which is three-and-a-half minutes long, is composed of footage of CNN correspondent Donie O'Sullivan's ("O'Sullivan") attendance at a QAnon gathering in Arizona two weeks before the 2020 presidential election. Bolger Decl. Ex. 5. A chyron that reads "CNN Goes Inside a Gathering of QAnon Followers" remains at the bottom of the screen during the entirety of the Report (the "Chyron"). The Report identifies several QAnon figures, states that some took part in the Capitol

---

(11th Cir. 2005)). Here, the FAC relies on the Report itself, along with the Video, several news articles, transcripts of news broadcasts, and a House Resolution. *See* Bolger Decl. Exs. 1, 3, 5, 10-13. These documents are properly considered on this motion to dismiss because they are incorporated by reference into and are integral to the FAC. *See, e.g., Horsley v. Feldt*, 304 F.3d 1125, 1134-35 (11th Cir. 2002) (applying incorporation by reference doctrine and considering article containing allegedly defamatory statements as part of pleadings). Judicial notice of documents is also permissible for the purpose of establishing that the information was publicly available or has been reported on, rather than for their truth. *See In re Greenlane Holdings, Inc. Sec. Litig.*, 511 F. Supp. 3d 1283, 1307 n.15 (S.D. Fla. 2021).

insurrection, and then shows an individual singing a song that incorporates the phrase "where we go one, we go all," which O'Sullivan explains is an "infamous QAnon slogan that has been promoted by" General Flynn, "Trump's first national security advisor." *Id.* During O'Sullivan's explanation, the Report shows photos of the phrase abbreviated as "#WWG1WGA" and printed, with the letter "Q," on large flags, followed by a clip of General Flynn with Trump at a campaign rally. *Id.* O'Sullivan's statement is then followed with a two-second clip of the Video, showing General Flynn speaking the QAnon slogan. *Id.* Plaintiff, who is not named, is also visible in the Video clip, but is not shown in the Report speaking any words. *Id.* The Report also shows Trump refusing to disavow QAnon and concludes with a man singing the QAnon Slogan at the convention. *Id.* Plaintiff's claims arise from the two-second clip of the Video used in the Report. FAC ¶ 3.

### E.   The Flynn Family Sues CNN

On March 25, 2021, Plaintiff's brother-in-law Jack and his wife Leslie sued CNN in the Southern District of New York based on the Report (the "SDNY Suit"). *See Flynn v. Cable News Network,* 1:21-cv-02587-GHW (SDNY 2021). Their complaint, which is similar to Plaintiff's FAC, alleged that CNN defamed them and cast them in a false light via the Chyron. [2] The SDNY Suit included several Tweets ratifying QAnon beliefs. Bolger Decl. Ex. 6; *see* R. & R., 2021 WL 6290046, at *10. CNN moved to dismiss for failure to state a claim on several grounds, including because the plaintiffs

---

[2] Plaintiffs in the SDNY Suit are also represented by counsel for Plaintiff.

had failed to plausibly plead defamation *per se*, special damages, negligence, and, most importantly, falsity, as their Twitter activity showed it to be substantially true that they are QAnon followers. Bolger Decl. Ex. 7.

On October 22, 2021, Magistrate Judge Cave issued the R. & R., holding that, "[b]y their own statements, … [Plaintiffs] connected themselves to QAnon, and therefore, cannot plausibly allege that CNN's statements were substantially false." R. & R., 2021 WL 6290046 at *15. The R. & R. held that both the defamation and false light claims failed as a matter of law. *Id.* at *13, *18. The R. & R. also held that the plaintiffs failed to allege that the statement was defamatory *per se*, failed to plead special damages, and failed to allege negligence as to Leslie Flynn. *Id.* at *15-18.

On December 16, 2021, Judge Wood in the SDNY Suit adopted in part and rejected in part the R. & R. *See Flynn*, 2021 WL 5964129. The court agreed that the plaintiffs had not pleaded a claim for defamation *per se* or special damages. *Id.* at *5-6. But the court reversed the dismissal of the false light claim and the R. & R.'s finding as to negligence. *Id.* at *6. The court appeared to reject the plaintiffs' allegations that they were not affiliated with QAnon, and instead concluded that their Tweets "express[ed] support for QAnon and [were] evidence that the Flynns were QAnon followers." *Id.* at *4. But the court held that Plaintiffs' false light claim survived because Plaintiffs' expressions of support for QAnon did not "conclusively contradict" the plaintiffs' factual allegations that they were not QAnon followers. *Id.* at *4, *6.

On December 30, 2021, CNN moved for reconsideration, on the grounds that the court did not address, as it was required to do under settled Second Circuit

precedent, whether the statement that Plaintiffs are "QAnon followers" has the same gist as "Plaintiffs expressed support for QAnon," and thus whether the statement is substantially true. Bolger Decl. Ex. 8. In addition, CNN argued that the court misapplied the applicable negligence standard in holding that the plaintiffs had plausibly alleged negligence. *Id.* That motion is currently pending.

### F.    This Lawsuit

Plaintiff filed this lawsuit on February 9, 2022, claiming that the Report falsely accused her of being a "QAnon follower." Dkt. 1 ¶ 3. The Complaint alleged two counts: defamation *per se* and defamation by implication. *Id.* ¶¶ 14-31. Plaintiff claimed $25,000,000 in compensatory damages and $75,000,000 in punitive damages. *Id.* at 17. On March 7, 2022, CNN moved to dismiss for failure to state a claim on several grounds, including because Plaintiff failed to plausibly plead defamation *per se*, defamation *per quod*, defamation by implication, and negligence. Dkt. 18.

Instead of opposing the dismissal motion, Plaintiff filed the FAC on March 21, 2022, which alleges defamation *per se* and defamation by implication. FAC ¶¶ 21-38. Plaintiff again claims $100,000,000 in damages. *Id.* at 21.  The differences between the Complaint and FAC do not overcome CNN's request for dismissal.

### <u>ARGUMENT</u>

This Court should dismiss Plaintiff's FAC because, despite the amendment, Plaintiff has not pleaded the elements of either a defamation *per se* or a defamation by implication claim. On the contrary, she is seeking monetary damages – as her relatives did under *Rhode Island* law – because she believes the Report at issue made her look

bad. But such a claim could only sound in tort as a false light claim, and the Florida Supreme Court rejected false light claims in no small part to avoid just this type of nebulous pleading. *See Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098 (Fla. 2008). For a reputational damages claim to be sustained under *Florida* law, Plaintiff must plead the specific elements of defamation *per se,* defamation *per quod*, or defamation by implication. Despite amendment, she has not properly pleaded any of those here.

To survive a motion to dismiss for failure to state a claim, a complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Fuentes v. Mega Media Holdings, Inc.*, 721 F. Supp. 2d 1255, 1257 (S.D. Fla. 2010); *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("only a complaint that states a plausible claim for relief survives a motion to dismiss."). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citations omitted). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Dismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). In addition, federal and Florida courts have long favored early dismissal of untenable defamation claims. *See Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016) ("there is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation"). *See also Karp v. Miami Herald Publ'g Co.*, 359 So. 2d 580, 581 (Fla. 3d DCA 1978).

9

## I.   FLORIDA LAW DOES NOT RECOGNIZE FALSE LIGHT CLAIMS

There is a substantial difference between the false light claim upheld in the SDNY Suit and the defamation *per se* and defamation by implication claims that Plaintiff has now twice tried to plead here. In Rhode Island, a plaintiff can recover for false light when "(a) there has been some publication of a false or fictitious fact which implies an association which does not exist; and (b) the association which has been published or implied would be objectionable to the ordinary reasonable man under the circumstances." 9 R.I. Gen. Laws Ann. § 9-1-28.1(a)(4)(i)(A)-(B) (West 1980). But Florida has rejected false light as a viable cause of action. *See Jews for Jesus,* 997 So. 2d at 1114. The Florida Supreme Court has made clear that the "danger of unreasonably impeding constitutionally protected speech" posed by the nebulous nature of the tort far outweighs the risk of leaving a "wrong without a remedy." *Id.* Florida plaintiffs seeking redress for critical speech must, therefore, plausibly plead the specific elements of defamation *per se* or *per quod*, or defamation by implication. Plaintiff has done neither, and her FAC must therefore be dismissed.

## II.   PLAINTIFF HAS NOT PLEADED DEFAMATION *PER SE*

Not surprisingly then, Plaintiff failed to plead defamation *per se.*

### A.   Plaintiff Has Not Pleaded the Report Is "Of And Concerning" Her

First, as in her original Complaint, Plaintiff cannot establish that the Report made any statements at all, much less defamatory ones, about her. Plaintiff bears the burden of pleading that the alleged defamation is "of and concerning" her. *See Parekh v. CBS Corp.*, 820 F. App'x 827, 833 (11th Cir. 2020). "[I]f a defamed person is not

10

named in the defamatory publication, the communication as a whole [must] contain[] sufficient facts or references from which the injured person may be determined by the persons receiving the communication.'" *Mac Isaac v. Twitter, Inc.*, 2021 WL 3860654, at *4 (S.D. Fla. Aug. 30, 2021) (citations omitted). "The relevant inquiry is whether the average person upon reading [the] statements could reasonably have concluded that the plaintiff [ ] was implicated'" by the alleged defamatory statements. *Id.* (citations and internal quotation marks omitted). It is not enough that a short clip showing the Plaintiff happens to appear in the Report. Instead, the allegedly libelous statements themselves must "refer to a plaintiff." *Thomas v. Jacksonville Television, Inc.*, 699 So. 2d 800, 805 (Fla. 1st DCA 1997) (quoting *Anyanwu v. Columbia Broad. Sys., Inc.*, 887 F. Supp. 690, 692 (S.D.N.Y.1995)).

In this case, Plaintiff alleges that she was a "subject" of the Report, which labeled her as a "QAnon follower," but she is wrong. FAC ¶ 7. The "subject" of the Report is the QAnon convention that took place in Arizona two weeks before the 2020 presidential election, as evidenced by the Chyron's clear reference to the "gathering of QAnon followers." Plaintiff is barely seen, is not identified, and is not heard saying anything. Moreover, the Report makes no association between Plaintiff and QAnon. Rather, the Report says General Flynn promoted the QAnon Slogan.[3] Thus, if the Report says anything at all about Plaintiff, it is only the undisputed fact that she stood next to General Flynn while he spoke the QAnon Slogan.

---

[3] Being associated with someone is not, absent more, defamatory. *See Tracy v. Newsday, Inc.*, 5 N.Y.2d 134, 138 (N.Y. 1959) (statement was "false and probably offensive, but … not actionable").

Nor is it material that Plaintiff's image appears in the Report without any blurring. FAC ¶ 7 n.2. Putting aside that it was General Flynn who publicized Plaintiff saying the QAnon Slogan in the Video (something never shown in the Report), Plaintiff's mere visibility in the Report does transform her into a "subject" of the Report, such that it is "of and concerning" her. Rather, Plaintiff must make a showing that the *allegedly defamatory words*, here the Chyron, are of and concerning her. *Sloan v. Shatner*, 2018 WL 3769968, at *6 (M.D. Fla. June 22, 2018). Neither the Chyron nor the Report, however, say anything about Plaintiff, let alone make her the subject of the Report or label her as a QAnon follower. For this reason alone, the FAC must be dismissed.[4]

### B.   Plaintiff Has Not Pleaded CNN Published a False Statement of Fact

The defamation *per se* claim also fails because Plaintiff has not plausibly alleged a false, defamatory statement of fact actually contained in the Report. Falsity "is the *sine qua non* for recovery in a defamation action." *Byrd v. Hustler Magazine, Inc.,* 433 So. 2d 593, 595 (Fla. 4th DCA 1983); *see also Hallmark Builders Inc. v. Gaylord Broad. Co.*, 733 F2d 1461, 1464 (11th Cir. 1984). Whether "the statement at issue [is] reasonably

---

[4] While the R. & R. found that Plaintiff's family members had pleaded that the Report was of and concerning them, it did so primarily because they alleged that one person recognized them from the telecast. R. & R., 2021 WL 6290046 at *13. In her FAC, Plaintiff now alleges that three individuals – a "retired police officer in Rhode Island and a pharmacist and an attorney in Massachusetts" – apparently "recognized Plaintiff" and "understood that the defamatory statements referred to her specifically." FAC ¶ 10. Not only are these individuals located outside of this jurisdiction, but Plaintiff also fails to provide any factual details regarding their purported recognition. Moreover, three people recognizing Plaintiff on the edge of the screen during a two-second video clip while narration discusses her brother-in-law's promotion of the QAnon Slogan does not amount to making a false statement about her under Florida law. *See Mac Isaac*, 2021 WL 3860654 at *6.

4889-5312-9243v.1 0050033-005131

capable of a defamatory interpretation" is a question of law. *Keller v. Miami Herald Publ'g Co.*, 778 F.2d 711, 714-15 (11th Cir. 1985). The key question is not what the Plaintiff alleges but "how a reasonable and common mind would understand the statements," and the court "should not give the statements a tortured interpretation." *Schiller v. Viacom, Inc.*, 2016 WL 9280239, at *8 (S.D. Fla. Apr. 4, 2016); *Byrd*, 433 So. 2d at 595; *Nelson v. Associated Press, Inc.*, 667 F. Supp. 1468, 1477 (S.D. Fla. 1987). Here, the actual content of the Report – as Plaintiff herself pleads – is true. Plaintiff admits she was there when General Flynn said "where we go one, we go all," that she herself repeated the Slogan after him, and that the Video was posted to Twitter by General Flynn. FAC ¶¶ 3-5. And Plaintiff cannot dispute that General Flynn's Tweet included the hashtag, #TakeTheOath. Bolger Decl. Ex. 1. Even Plaintiff admits that the actual contents of the Report are true. Instead, Plaintiff weakly alleges that the Report is false because it "accused Valerie of being a 'follower' of the 'dangerous', 'violent', 'racist', 'extremist', 'insurrectionist', 'domestic terrorism' movement – QAnon," FAC ¶ 3.  The Report does, however, not actually contain these words. Plaintiff has, therefore, failed to identify a false statement of fact in the Report.

In fact, Plaintiff actually takes the unusual step of pleading that the very same allegedly false *statement* of fact that forms the basis of her defamation *per se* claim is also the false *implication*, based on literally true facts, that undergirds her defamation by implication claim. *Id.* ¶ 35. In doing so, Plaintiff renders any allegation of falsity logically "incoherent," effectively dooming her claim. *Jacoby v. Cable News Network, Inc.*, 537 F. Supp. 3d 1303, 1313 n.5 (M.D. Fla. 2021), *aff'd*, 2021 WL 5858569 (11th

Cir. Dec. 10, 2021)

And Plaintiff's efforts to urge the Court to consider *only* a screenshot of the image of the Flynns saying the QAnon Slogan and the Chyron also fail because doing so would be a strained construction of the Report. In assessing defamatory meaning, "a publication must be considered in its totality." *Byrd*, 433 So. 2d at 595 ("Articles are to be considered with their illustrations; pictures are to be viewed with their captions; stories are to be read with their headlines."); *see Parekh*, 820 F. App'x at 835 ("[P]ictures must also be viewed in the context of the entire news report."); *Smith v. Cuban Am. Nat'l Found.*, 731 So. 2d 702, 705 (Fla. 3d DCA 1999) ("To determine whether a statement is defamatory, it must be considered in the context of the publication."). Thus, when an alleged defamatory meaning flows from a chyron shown throughout the entirety of an allegedly defamatory telecast, it is proper to review the telecast as a whole, because the content of the entire telecast may clarify the chyron in such a way that no viewer could reasonably believe the allegedly defamatory meaning of the chyron. *See Crall v. Gannett Satellite Info. Network, Inc.*, 1992 WL 400713, at *3 (S.D. Ohio Nov. 6, 1992) (headline intimating plaintiff faced jail sentence for misdemeanor was not defamatory where article made clear he only had to pay a fine); *see, e.g., Kronk v. American Media, Inc.*, 2015 WL 3473205, at *3 (Fla. Cir .Ct. Mar. 30, 2015), *aff'd* 216 So. 3d 640 (Fla. 5th DCA 2016)  (report juxtaposing headline asserting plaintiff killed murder victim with image of plaintiff was not defamatory where article made clear that plaintiff had merely been identified in court filing); *Sabino v. WOIO,*

14

*L.L.C.*, 56 N.E.3d 368, 379-80 (Ohio Ct. App. 2016) (banner stating "Child Porn Found on Computer" not defamatory where broadcast clarified that plaintiff was only suspected of having child pornography); *Smith v. Sandusky Newspapers, Inc.*, 2018 WL 3046537, at *3-4 (N.D. Ohio June 20, 2018) (headline stating that plaintiff stole was nonactionable because context showed that headline was describing "unproved, unadjudicated charge"); *Molin v. Trentonian*, 297 N.J. Super. 153, 157 (N.J. Super. App. Div. 1997) (headline did not imply plaintiff had been convicted of stalking where the article made it clear he had only been arrested for stalking).

Here, the Chyron that is displayed throughout the Report reads "Inside A Gathering of QAnon Followers" and is an obvious reference to the convention in Arizona that is the subject of the Report. *See, e.g.*, Bolger Decl. Ex. 5. And the Report, as a whole, does not come close to even suggesting that Plaintiff attended that conference.  The narration makes clear that the Report used parts of the Video to contextualize the prominent use of the QAnon Slogan by the Arizona gathering's attendees. *See Rubin v. U.S. News & World Report*, 271 F.3d 1305, 1307-09 (11th Cir. 2001) (article about drug trafficking that included photograph of and quote by plaintiff was not defamatory where plaintiff's likeness and statement were included to provide context to reporting).  And the Video clearly takes place outdoors by a firepit in the summer, not in a conference room in Arizona in the fall. More than that, Plaintiff's allegation that the Report's "tone" was that everybody pictured was a QAnon follower is far from plausible. FAC ¶ 3. To the contrary, the Chyron is shown when the faces of Travis View, an anti-QAnon blogger, and even O'Sullivan himself, are displayed.

It simply defies credulity to suggest that the Chyron accuses everyone that merely appears in the Report of being a QAnon follower. No reasonable viewer would ascribe to the Report the defamatory meanings Plaintiff proffers in her Complaint.[5]

### C.    Plaintiff's Defamation *Per Se* Claim Relies on Extrinsic Evidence

Plaintiff has also failed to plausibly allege that the alleged defamatory meaning she ascribes to the Report is *per se* defamatory.[6] Under Florida law, defamation may be "established *per se* or *per quod*." *Anderson v. Smith*, 2020 WL 10058207, at *1 (M.D. Fla. Mar. 24, 2020). A publication "rises to the level of libel per se if, when considered alone and without innuendo, it … tends to subject one to hatred, distrust, ridicule, contempt, or disgrace…."*Id.* at *2 (quotations and citation omitted); *Daniels v. HSN, Inc.*, 2020 WL 533927, at *3-4 (M.D. Fla. Feb. 3, 2020). A *per se* defamation claim exists only where words "upon their face and without the aid of extrinsic proof were injurious." *Boyles v. Mid-Fla. Television Corp.*, 431 So. 2d 627, 633 (Fla. 5th DCA 1983), *approved*, 467 So. 2d 282 (Fla. 1985) (quotations and citation omitted). "In a per se action, consideration is only given to the four corners of the publication." *Daniels*, 2020 WL 533927 at *4. "[L]ooking outside the four corners of the [publication] … would run afoul the very nature of a *per se* action." *Mac Isaac*, 2021 WL 3860654, at *5.[7]

---

[5] In the FAC, Plaintiff states that the court in the SDNY Suit found the Chyron to be defamatory, FAC ¶ 26, by citing *Flynn*, 2021 WL 5964129 at *4, which in turn cites the R. & R. But the R. & R. did not reach the issue, instead concluding that the statements at issue were substantially true. 2021 WL 6290045, at *15.

[6] The court in the SDNY Suit held that Plaintiff's relatives had failed to plausibly plead defamation *per se*. *Flynn*, 2021 WL 5964129, at *5.

[7] Even if the Report called Plaintiff a QAnon follower, that label would not amount to defamation *per se*, because when judged "by the temper of the times and the current of contemporary public

Here, Plaintiff's defamation *per se* claim is undercut by her own FAC, which is replete with references to extrinsic evidence. In fact, her essential assertion of falsity and defamatory meaning, that CNN "falsely accused [Plaintiff] of being a 'follower' of the 'dangerous', 'violent', 'racist', 'extremist', 'insurrectionist', 'domestic terrorism' movement – QAnon," FAC ¶ 3, is alleged to be defamatory *only* by reference to other sources, including the FBI and DHS, *id.* ¶ 1; the *Wall Street Journal*, *id.*; 60 Minutes, *id.*; a *different* CNN telecast , *id.* ¶ 2; and House Resolution 1094. *Id.* ¶ 27 n.5. Bolger Decl. Exs. 3, 10, 12, 13. But none of the language that she cites to appears in the Report.[8] In sum, even after amending her Complaint, Plaintiff has still not adequately alleged the Report is defamatory *per se*.[9]

### D.      Plaintiff's Defamation *Per Quod* Claim Is Fatally Deficient

Nor has Plaintiff alleged a claim for defamation *per quod*. Defamation *per quod*

---

opinion" saying one is a QAnon follower, without more, is not defamatory, even if some people find QAnon's views extreme. *See Pritchard v. Herald Co.*, 120 A.D.2d 956, 956 (N.Y. App. 4th Dep't 1986) (describing plaintiff as "controversial" or a "black activist" not defamatory); *see Weinstein v. Friedman*, 1996 WL 137313, at *14 (S.D.N.Y. Mar. 26, 1996), *aff'd*, 112 F.3d 507 (2d Cir. 1996) ("militant activist" not susceptible to defamatory meaning); *Steinman v. Di Roberts*, 23 A.D.2d 693, 693-94 (N.Y. App. 2d Dep't 1965), *aff'd*, 17 N.Y.2d 512 (N.Y. 1966) (statements labeling plaintiff as a "left-winger" not defamatory). That is especially true in the context of the Report, in which the former President of the United States is shown refusing to disavow QAnon.

[8] To the extent that Plaintiff relies on *Zimmerman v. Buttigieg*, 521 F. Supp. 3d 1197, 1214 (M.D. Fla. 2021), FAC ¶ 26, that case is inapposite. There, the court found that the plaintiff stated a defamation *per se* claim solely based on the allegedly defamatory meaning of the challenged statements.

[9] In addition, as CNN argued in its original motion, Florida law has "eliminate[d] presumed damages for defamation *per se* actions against media defendants." *Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1119 (S.D. Fla. 2021) (citing *Mid-Florida Television Corp.*, 467 So. 2d 282); *see* Dkt. 18. Plaintiff removed the words "presumed damages" from her FAC, *compare* Dkt. 1 ¶ 8 (seeking "presumed damages, actual damages and punitive damages"), *with* FAC ¶ 15 (seeking "actual damages and punitive damages"), but she still seemingly believes she is automatically entitled to them. *See* FAC ¶ 27 (asserting that defamation *per se* claimants need not plead or prove special damages (quoting *Wolfson v. Kirk*, 273 So.2d 774, 777 (Fla.  4th DCA 1973)).

requires the defamatory statement "be put into context so as to demonstrate its defamatory meaning." *Anderson,* 2020 WL 10058207, at *3 (citation and quotation omitted). As Defendants informed Plaintiff in their original motion, "special damages, that is 'actual economic damage,' must be proven to state a claim," and to claim special damages, a plaintiff must plead a "realized or liquidated loss." *Id.*; *see Daniels*, 2020 WL 533927 at *6 ("[T]he chief characteristic of special damages is a realized or liquidated loss."); *Falic v. Legg Mason Wood Walker, Inc.*, 347 F. Supp. 2d 1260, 1268 (S.D. Fla. 2004) ("Special damages are actual, out of pocket losses which must be proven by specific evidence as to the time, cause and amount[.]"). Where a plaintiff fails to show special damages, a "claim for defamation *per quod* fails." *See Daniels*, 2020 WL 533927 at *5 (converting *per se* into *per quod* claim and holding that the "[p]laintiff has not pointed to any evidence of special damages"). "It is not enough to claim damages in a conclusory manner; rather … [the] injurious effect must be established by due allegation and proof.'" *Anderson*, 2020 WL 10058207, at *3-4 (plaintiff failed to plead special damages where "FAC does not identify [the p]laintiff's present professional vocation" and "does not allege an actual loss of employment, or a realized loss attributable to her diminished stature in the community.")

The FAC fails to make any such allegations. In fact, Plaintiff appears to disclaim special damages. FAC ¶ 15 (seeking only actual and punitive damages). But to the extent that Plaintiff attempts to recover special damages by asserting "lost future earnings and diminished earning capacity," FAC ¶¶ 32, 37, she fails. As in *Anderson*, Plaintiff does not state whether she is currently employed (or where), or allege with

*any* specificity that, let alone how, the Report jeopardized that job, or her job prospects more generally. And she fails to connect any "realized loss" to the supposed reputational harm she alleges the Report caused. Plaintiff's boilerplate recitals and conclusory assertions are insufficient to plead special damages.[10]

Plaintiff, therefore, has failed to make out a claim for defamation *per se* or *per quod* under Florida law.

## III.   PLAINTIFF HAS NOT PLEADED DEFAMATION BY IMPLICATION

Plaintiff's defamation by implication claim is also fatally deficient.

### A.   Plaintiff Has Not Plausibly Alleged A Defamatory Implication

Whether statements are defamatory by implication is a question of law. *Turner v. Wells*, 879 F.3d 1254, 1269 (11th Cir. 2018) (citing *Brown v. Tallahassee Democrat, Inc.*, 440 So. 2d 588, 590 (Fla. 1st DCA 1983)). To plead defamation by implication, a plaintiff must show "(1) a juxtaposition of a series of facts so as to imply a defamatory connection between them, or (2) the creation of a defamatory implication by omitting facts." *Klayman v. City Pages*, 2014 WL 12621240 (M.D. Fla. July 9, 2014), *aff'd*, 650 F. App'x 744, 749 (11th Cir. 2016) (citing *Jews for Jesus*, 997 So. 2d at 1106). But because "defamation by implication applies in circumstances where literally true statements are conveyed in such a way as to create a false impression," a plaintiff must therefore specifically allege that the underlying statements are literally true. *Jews for Jesus,* 997 So.2d at 1108; *see also Klayman*, 2014 WL 12621240, at *6.

---

[10] The SDNY court held that the New York plaintiffs' nearly identical damages allegations were insufficient to plead special damages. *See Flynn*, 2021 WL 5964129 at *5.

First, Plaintiff's claim for defamation by implication is implausible because the allegedly false *statement* of fact underlying her defamation *per se* claim and the false *implication* underlying her defamation by implication claim are one and the same. *See* FAC ¶¶ 23, 34. Indeed, Plaintiff specifically relies on the very same paragraphs of her FAC (paragraphs 1-20) to support both of her claims, *compare* FAC ¶ 21 *with* ¶ 33, and many of those paragraphs allege that the Report explicitly and falsely asserted that Plaintiff was a QAnon follower. *See, e.g.*, FAC ¶ 3 (alleging that "CNN falsely accused Valerie of being a 'follower' ... of QAnon); *id.* ¶ 7 (alleging that CNN "expressly label[ed] Valerie as a 'QANON FOLLOWER'"); *id.* ¶ 13 (describing purported effect of "CNN's false statements"); *cf. Zimmerman*, 2021 WL 6065781 at *9 ("causes of action for defamation by implication and defamation *per se* are mutually exclusive"); *Jacoby*, 537 F. Supp. 3d at 1313 ("The [c]ourt cannot accept as true [p]laintiff's allegation ... that this statement is false, while also accepting as true [p]laintiff's allegation ... that this same statement is true."). Thus, Plaintiff's claims are flatly contradictory. And though a plaintiff may plead inconsistent claims, doing so only gets you so far. *Jacoby*, 537 F. Supp. 3d at 1313 and 1313 n.5 (recognizing that claims pleaded in the alternative are not required to be consistent but emphasizing that "a court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted ... by statements in the complaint itself") (quoting *Accurate Grading Quality Assur., Inc. v. Thorpe*, 2013 WL 1234836, at *8 (S.D.N.Y. Mar. 26, 2013)). Plaintiff cannot have it

20

both ways: defamation is either express or implied, not both at once.

Next, Plaintiff bases her claim primarily on CNN's alleged "intentional[] and selective[] edit[ing]" of the Video, which she asserts implicitly defamed her by omitting from the Report footage of Plaintiff speaking the federal oath of office and the words "God Bless America." FAC ¶ 35. Initially, as a matter of law, omitting facts can only render an implication defamatory where the omission changes the meaning of the Report.   *See Nix v. ESPN, Inc.*, 772 F. App'x 807, 808 (11th Cir. 2019) (defamation by implication claim failed where meaning of allegedly defamatory publication would have been the same with or without omitted facts). But here, the allegedly omitted segments did not – and could not – change the gist of the Report. Even if it had included Plaintiff's expressions of patriotism, the Report would still have shown that Plaintiff stood next to General Flynn when he took part in #TakeTheOath. Indeed, CNN's omissions arguably cast Plaintiff in a *better* light than does the full, unedited Video. Had CNN included the full Video, its viewers would have seen *Plaintiff herself* speaking the QAnon Slogan while holding up her right hand, a slogan emblazoned on clothing worn by individuals who stormed the Capitol. The actual, unedited footage, therefore, would have more closely aligned Plaintiff with QAnon than the Report. Including that footage could not have made the Report *less* defamatory.[11]

---

[11] In an effort to bolster Plaintiff's claim that CNN did not provide the full picture of her participation in #TakeTheOath, the FAC includes a lengthy narrative of the events surrounding of the Video and its posting to Twitter. FAC ¶ 4. But accepting that narrative as true, as this Court must, does not change the critical fact that the unedited Video did not depict any of those events, and, consequently, CNN could not have omitted them from the Report. Bolger Decl. Ex. 1.

### B.   Plaintiff Cannot Show That CNN Intended the Alleged Defamatory Implication

Plaintiff's claim also fails because Plaintiff has not plausibly alleged CNN intended the alleged defamatory implication. "Because the Constitution provides a sanctuary for truth . . . the defamatory language must not only be reasonably read to impart the false innuendo, but it must also affirmatively suggest that the author **intends or endorses** the inference." *Jews for Jesus*, 997 So. 2d at 1107 (emphasis added) (quoting *Guilford Transp. Indus., Inc. v. Wilner*, 760 A.2d 580, 596 (D.C. 2000)). Court across the country agree. *See, e.g.*, *Nunes v. WP Co. LLC*, 2022 WL 997826, at *3-4 (D.C Cir. Apr. 1, 2022); *Compuware Corp. v. Moody's Investors Servs.*, 499 F.3d 520, 528-29 (6th Cir. 2007); *Howard v. Antilla*, 294 F.3d 244, 252 (1st Cir. 2002); *Newton v. Nat'l Broad. Co.*, 930 F.2d 662, 681 (9th Cir. 1990); *Saenz v. Playboy Enters., Inc.*, 841 F.2d 1309, 1317-18 (7th Cir. 1988). Here, Plaintiff's only effort to plead intent is to assert that CNN's editing of the Video shows that it "intended and endorsed the defamatory meaning [that Plaintiff is a QAnon follower]." FAC ¶ 6. But this boilerplate, unsupported allegation is insufficient as a matter of law. *Iqbal*, 556 U.S. at 682. And, in any event, Plaintiff could not plead intent. The Report focuses on the Arizona gathering, and the Video is used only to contextualize the phrase "where we go one we go all" within its broader contention that Trump legitimized QAnon by refusing to disavow its beliefs and that General Flynn promoted its slogan. Bolger Decl. Ex. 5. The Report simply does not demonstrate CNN's supposed intent to label Plaintiff as a QAnon follower.

### C.   Plaintiff Has Failed to Plausibly Allege Negligence

Finally, despite removing references to previous reporting on the Flynn family's use of the QAnon Slogan from the Complaint (*see, e.g.,* Dkt. 1 ¶ 3 n.1 (citing Washington Examiner article from July 5, 2020 discussing the Video), Plaintiff has again failed to adequately allege that CNN acted negligently in publishing the Report. Under Florida law, a private figure plaintiff must prove "that the defendant published the [challenged] statements with negligence, … *i.e.*, without reasonable care as to whether the alleged false and defamatory statements were actually true or false."[12] *Miami Herald Publ'g Co. v. Ane*, 423 So. 2d 376, 378 (Fla. 3d DCA. 1982), *approved*, 458 So. 2d 239 (Fla. 1984).

Here, Plaintiff again pleads no facts that plausibly allege that CNN acted negligently in telecasting the Report. *See Hakky v. Washington Post Co.*, 2010 WL 2573902, at *2 (M.D. Fla. June 24, 2010) (holding that the plaintiff's allegations "do not contain adequate facts under *Iqbal* to demonstrate that [the d]efendants acted negligently" in publishing allegedly defamatory statements); *accord Karp*, 359 So. 2d at 581 (per curiam) (dismissing plaintiff's defamation claim where plaintiff failed to offer evidence to support a finding of negligence). Plaintiff concedes, as she must, that she spoke the words "where we go one, we go all." FAC ¶ 5.[13] She effectively concedes that it is a matter of public record that the phrase is commonly used by QAnon followers. *See* FAC ¶ 5. She concedes that General Flynn posted the Video to Twitter.

---

[12] For purposes of this motion only, CNN assumes, but by no means concedes, that Plaintiff is a private figure.

[13] Plaintiff asserts that CNN was negligent because it did not reach out to her for comment. *See* FAC ¶ 30. But she cites no Florida or Eleventh Circuit authority for that proposition, because she cannot.

FAC ¶¶ 3-4. It is, therefore, plain that Plaintiff was publicly associated – by her own actions – with QAnon. Plaintiff's own pleading demonstrate that CNN would not have had reasonable grounds to doubt the allegation that Plaintiff was affiliated with QAnon, just as it would not have had reasonable grounds to doubt an assertion that Plaintiff was an Alabama football fan if she had publicly proclaimed "Roll Tide."[14]

Moreover, a publisher is not negligent as a matter of law where it relied on "other reliable periodicals, newspapers and wire service reports" for its story. *Nelson,* 667 F. Supp. at 1477; *see also Watkins v. Washington Post*, 2018 WL 805394, at *7 (D. Md. Feb. 9, 2018) ("reporters are not negligent … when relying on other reputable sources")*.* And here, long before the Report was distributed, news organizations around the world (including CNN) reported on the Video, describing how the Flynn family used "a slogan associated with QAnon." Bolger Decl. Ex. 2; *see* Supp. Bolger Decl. Exs. 1-2. CNN, therefore, would not have had reasonable grounds to doubt the allegedly defamatory allegation that Plaintiff was affiliated with QAnon (again, an inference not actually arising from the words used in the Report). In sum, Plaintiff has not adequately pleaded negligence, and her FAC should be dismissed, with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims should be dismissed with prejudice.

---

[14] To the degree Plaintiff believes that O'Sullivan's June 15, 2021, Tweet containing the Report is any sort of evidence of CNN's state of mind (*see* FAC ¶ 9), she is mistaken. First, Plaintiff is simply incorrect that the Tweet constitutes a republication. *See Lokhova v. Halper*, 995 F.3d 134, 143 (4th Cir. 2021) ("[m]erely linking to an article should not amount to republication"). Second, O'Sullivan's Tweet does not support any inference of actual malice or negligence. Here, unlike in *Nunes v. Lizza*, 12 F.4th 890 (8th Cir. 2021) (*see* FAC ¶ 9), the litigation that allegedly put CNN on notice as to the falsity of the Report – the SDNY Suit – did not involve Plaintiff. *See* Bolger Decl. Ex. 6.

  
## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Counsel for CNN certifies that she conferred with counsel for Plaintiff by detailed email dated April 1, 2022 describing the grounds for this motion and offering to speak by phone.  Counsel for Plaintiff said that counsel for CNN's email sufficiently stated CNN position, that Plaintiff intends to oppose the motion in full, and that further communication was not required.

Respectfully submitted,

| SHULLMAN FUGATE PLLC<br><br>By: */s/ Deanna K. Shullman*<br>Deanna K. Shullman (FBN 514462)<br>Giselle M. Girones (FBN 124373)<br>Minch Minchin (FBN 1015950)<br>2101 Vista Parkway, Ste. 4006<br>West Palm Beach, Florida 33411<br>Telephone: (561) 429-3619<br><br>dshullman@shullmanfugate.com<br>ggirones@shullmanfugate.com<br>mminchin@shullmanfugate.com | DAVIS WRIGHT TREMAINE LLP<br><br>Katherine M. Bolger<br>Meenakshi Krishnan<br>Sam F. Cate-Gumpert<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 489-8230<br>katebolger@dwt.com<br>meenakshikrishnan@dwt.com<br>samcategumpert@dwt.com<br><br>*Counsel for CNN* |
| --- | --- |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 11, 2022 a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.

*/s/ Deanna K. Shullman*
Deanna K. Shullman

4889-5312-9243v.1 0050033-005131