## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

### CASE NO: 8-22-CV-00343-MSS-SPF

| | |
|---|---|
| VALERIE FLYNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CABLE NEWS NETWORK, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

### CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

**WHEREAS**, Plaintiff Valerie Flynn and Defendant Cable News Network,

Inc. (the "Parties") having agreed to the following terms of confidentiality, and the

Court having found that good cause exists for the issuance of an appropriately

tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil

Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the

information and documents exchanged by the parties in connection with the pre-trial

phase of this action:

1.      Counsel for any party may designate any document or information, in

whole or in part, as confidential if counsel determines, in good faith, that such

designation is necessary to protect the interests of the client in information that is

proprietary, personal or otherwise sensitive non-public information, including but not limited to newsgathering materials.  Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.     Counsel for any party may designate any document or information, in whole or in part, as highly confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is strategic, proprietary, financial, a trade secret or otherwise commercially sensitive non-public information, or other similar information that is substantially likely to cause injury to the commercial, financial, strategic, or business interests of such producing party or its employees, customers, or clients if disclosed.  Information and documents designated by a party as confidential will be stamped "HIGHLY CONFIDENTIAL."

3.     The Confidential or Highly Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4.     In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential or Highly Confidential Information disclosed in this case is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Confidential Information.

5.      All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a.      counsel for any party in this action, including attorneys of record or of counsel to a party and in-house counsel, and employees of such counsel assigned to and necessary to assist in the litigation;

b.      a party, including in the case of corporate parties, their affiliates and each of their directors, officers, employees, and insurers;

c.      the Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

d.      consultants and experts assisting in the prosecution or defense of the matter, including their assistants and stenographical, secretarial, or clerical personnel, to the extent deemed necessary by counsel;

e.      witnesses and deponents in this action who are shown the Confidential Information while testifying;

f.      the author, custodian, or any individual identified as a recipient of the discovery material, or the original source of the information;

g.      any shorthand or court reporters or videographers retained to report a deponent's testimony taken in this case; and

h.      any other person whom the parties agree, in advance and in writing, may receive such information.

6.      All documents designated as "HIGHLY CONFIDENTIAL" shall not be disclosed to any person, except:

a.      counsel for any party in this action, including attorneys of record or of counsel to a party and in-house counsel, and employees of such counsel assigned to and necessary to assist in the litigation;

b.      the Court (including the mediator, or other person having access to any Highly Confidential Information by virtue of his or her position with the Court);

c.      consultants and experts assisting in the prosecution or defense of the matter, including their assistants and stenographical, secretarial, or clerical personnel, to the extent deemed necessary by counsel;

d.      witnesses and deponents in this action who are shown the Highly Confidential Information while testifying;

e.      the author, custodian, or any individual identified as a recipient of the discovery material, or the original source of the information;

f.      any shorthand or court reporters or videographers retained to report a deponent's testimony taken in this case; and

g.      any other person whom the parties agree, in advance and in writing, may receive such information.

7.      Persons who receive Confidential or Highly Confidential Information pursuant to Paragraphs 5(d)–(h) or 6(c)–(g) shall be:

a.      informed of the confidential or highly confidential nature of the information or documents;

b.      informed that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

8.      Persons who receive Highly Confidential Information pursuant to Paragraphs 6(c)–(g) shall be provided by the party disseminating such information with a copy of this Order and shall execute an acknowledgement, in substantially the form attached hereto as Exhibit A, that they have reviewed such Order and agree to be bound by it, with a copy of such acknowledgement provided to all parties at the conclusion of the case.

9.      The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential or Highly Confidential Information.  If so designated, the document or information shall thenceforth be treated as Confidential  or Highly Confidential Information subject to all the terms of this Stipulation and Order.

10.      Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner.  The producing party may specify the minimal level of protection expected in the storage and transfer of its information.  In the event the party who received PII experiences a data breach, it shall immediately notify the

4862-6682-8061v.2 0026517-000210

producing party of same and cooperate with the producing party to address and remedy the breach.  Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

11.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12.     Notwithstanding the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal.  The parties shall follow the Court's procedures for requests for filing under seal.

13.     At the conclusion of litigation, Confidential or Highly Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the

6

producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

14.     Nothing herein shall preclude the parties from disclosing material designated to be Confidential and/or Highly Confidential Information if otherwise required by law or pursuant to a valid subpoena, provided that no party shall make any such disclosure unless they have first provided the other party with notice of such legal process or subpoena not less than twenty (20) days in advance of the required date of disclosure, thereby providing the other party the ability to intervene should it choose to oppose such disclosure.  If compliance with said legal process and/or subpoena is required within fewer than twenty (20) days following receipt of such legal process and/or subpoena, notice shall be provided within two (2) business days of receipt of said legal process and/or subpoena.  No party shall voluntarily disclose Confidential and/or Highly Confidential Information in advance of the specified production date absent the other party's express written consent.  The parties shall cooperate in good faith in objecting to any such legal process and/or subpoena, moving to quash, applying to seal documents, or other appropriate opposition or remedy.

SO STIPULATED AND AGREED.


/s/ *Deanna K. Shullman*
Deanna K. Shullman
Counsel for CNN
June 13, 2022

/s/ *Steven S. Biss*
Steven S. Biss
Counsel for Valerie Flynn
June 13, 2022

7

## EXHIBIT A

## AGREEMENT

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as highly confidential.  I have been informed that any such documents or information labeled "HIGHLY CONFIDENTIAL" are highly confidential by Order of the Court.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Highly Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and agree not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Highly Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials,

including all copies thereof, and any writings prepared by me containing any Highly

Confidential Information are to be returned to counsel who

///

provided me with such documents and materials, or destroyed.

DATED:

_____

Signed in the presence of:

_____

(Attorney)