UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VALERIE FLYNN,

    Plaintiff,

v.                                                                                                    Case No: 8:22-cv-343-MSS-SPF

CABLE NEWS NETWORK, INC.,

    Defendant.
_____

LORI FLYNN,

    Plaintiff,

v.                                                                                                    Case No: 8:22-cv-512-MSS-AEP

CABLE NEWS NETWORK, INC.,

    Defendant.
_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Parties' Joint Motion to Consolidate for Purposes of Discovery. (Dkt. 44) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Parties' Joint Motion to Consolidate for Purposes of Discovery.

    **I.**    **BACKGROUND**

On February 9, 2022, Valerie Flynn brought suit against CNN based on CNN's February 4, 2021, Report (the "Report"). (Dkt. 1) (the "Valerie Flynn Action") After

CNN moved to dismiss on March 7, 2022, (Dkt. 18), Valerie Flynn filed an Amended Complaint, (Dkt. 27), which CNN again moved to dismiss on April 11, 2022. (Dkt. 31) Separately, on March 3, 2022, Lori Flynn brought suit against CNN based on the same Report. (See Lori Flynn v. Cable News Network, No. 8:22-cv-00512-MSS-AEP (M.D. Fla. 2022), Dkt. 1) (the "Lori Flynn Action") After CNN filed a Motion to Dismiss, (id., Dkt. 19), Lori Flynn filed an amended complaint. (id., Dkt. 22) Valerie Flynn's Amended Complaint and Lori Flynn's Amended Complaint both allege defamation *per se* and defamation by implication. (Compare Valerie Flynn Action, Dkt. 27 with Lori Flynn Action, Dkt. 22)

In Valerie Flynn's Uniform Case Management Report, the Parties requested special handling— "[s]pecifically, the[y] [ ] request that this case be consolidated with the action Flynn v. CNN, currently pending in this Court at Docket No. 8:22-cv-00512-MSS-AEP for discovery. Either party may request consolidation for trial purposes at a later date." (Valerie Flynn Action, Dkt. 34) On June 13, 2022, the Court ordered the Parties to "file a Motion to Consolidate for Purposes of Discovery, pursuant to Federal Rules of Civil Procedure Rule 42, with Flynn v. CNN, currently pending in this Court at Docket No. 8:22-cv-512." (Id., Dkt. 42)

The Parties, in compliance with the Court's order, now submit this motion to consolidate both cases for discovery purposes. (Id., Dkt. 44 at ¶ 3) The Parties assert that both the Valerie Flynn and Lori Flynn cases "involve common facts and subject matter, given that both Valerie Flynn and Lori Flynn name CNN as the Defendant and allege they have been defamed based on the same Report." (Id. at ¶ 5)

2

## II. STANDARD OF REVIEW

Federal courts "enjoy substantial discretion in deciding whether and to what extent to consolidate cases" under Federal Rule of Civil Procedure 42(a). Hall v. Hall, 138 S. Ct. 1118, 1131 (2018). Federal Rule of Civil Procedure 42(a) provides that a court may "consolidate the actions [before the court]" if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Rule 42(a) also permits the court to "issue any other orders to avoid unnecessary cost or delay." Id.

In exercising its discretion, district courts must determine:

> "[W]hether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudication of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

## III. DISCUSSION

The Court finds that the Valerie Flynn Action and Lori Flynn Action concern common questions of law and fact; therefore, the cases will be consolidated for discovery purposes. Typically, courts find it appropriate to consolidate actions for discovery purposes where the actions are of an "overlapping and substantially similar nature," "which involve the same [defendant]," and "substantially same allegations." Yaffa v. Sunsouth Bank, No. 3:12CV288-MCR-CJK, 2013 WL 11522043, at *1 (N.D. Fla. May 7, 2013) (consolidating for discovery purposes two actions "which involve

3

the same bank, the same loan documents and substantially same allegations of fraud and breach of fiduciary duty").

Here, Valerie Flynn brings a defamation *per se* and defamation by implication claim against CNN. (See Valiere Flynn Action, Dkt. 27). Lori Flynn brings the same two actions against CNN (See Lori Flynn Action, Dkt. 22). Aside from concerning the same defendant, CNN, both actions concern the Report. (Compare Dkt. 27 with Dkt. 22) Therefore, the Court finds that consolidation is appropriate because common questions of law and fact exist.

Additionally, the Court will consolidate the Lori Flynn action into this case (the "Lead Case") because this one was filed first for discovery purposes. Courts generally consolidate the later filed action into the case that was filed first. Yaffa, 2013 WL 11522043 at *1; see also Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) (explaining that "there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule"). Here, Valerie Flynn's suit was filed on February 9, 2022, while Lori Flynn's suit was filed on March 3, 2022. Because Valerie Flynn's suit was filed first, the Court will consolidate Lori Flynn's suit into Valerie Flynn's suit.

## IV.   CONCLUSION

Accordingly, the Court concludes that the resources of both the Court and the Parties would be conserved by consolidating the cases for all pre-trial purposes, including discovery, pre-trial motions practice and the like. The Court reserves until a later date determination of whether the cases should be consolidated for trial.

4

Therefore, to better coordinate the handling of these cases, it is hereby **ORDERED** as follows:

1. The two above-captioned cases are hereby **CONSOLIDATED** for all pre-trial purposes, including discovery, pre-trial motions practice and the like, pending further Order of the Court directing otherwise.

2. **ALL PARTIES** are **ORDERED** to file all prospective documents in the Lead Case, Valerie Flynn v. Cable News Network, Inc., 8:22-cv-343-MSS-SPF, using the style of the lead case in the caption.

3. U.S. Magistrate Judge Sean P. Flynn shall be the Magistrate Judge on both cases.

4. The **CLERK** is **DIRECTED** to docket a copy of this Order in the case, Lori Flynn v. Cable News Network, 8:22-cv-00512-MSS-AEP.

5. Additionally, the **CLERK** is **DIRECTED** to docket a copy of the pending Defendant Cable News Network Inc.'s Motion to Dismiss First Amended Complaint, (8:22-cv-00512-MSS-AEP, Dkt. 30), in the Lead Case, 22-cv-343. **PLAINTIFF Lori Flynn** is **DIRECTED** to file her response in opposition in the normal course by July 8, 2022, in the Lead Case. Thereafter, the **Clerk** is **DIRECTED** to **ADMINISTRATIVELY CLOSE** case, 22-cv-512.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of June, 2022.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

5

Counsel of Record
Any Unrepresented Person