```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/12/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOHN P. "JACK" FLYNN & LESLIE A. FLYNN, :
               :
           Plaintiffs,:
     -against-         :    1:21-cv-2587-GHW
               :
  CABLE NEWS NETWORK, INC.,     :  MEMORANDUM OPINION
               :      AND ORDER
          Defendant.:
-------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

  What does it say about you if you "follow" someone on Twitter? What does it say about you when you retweet someone else's tweet? These are not just questions for Millennials or Zoomers. They are critical questions in this motion to dismiss. CNN argues that the Court should conclude as a matter of law that by retweeting another's tweet, the retweeter is adopting every word in the tweet as their own. A retweet, in CNN's view, cannot merely be used to comment on another's tweet or to forward the fact of its existence to another. CNN also argues that the Court should adopt the position that when you "follow" a person's Twitter feed, you become that person's "follower," in the sense that you are now an adherent to the entire belief system of the tweeter. By following someone on Twitter, in CNN's view, you are not merely interested in seeing what the person you are following has to say. The Court remains unwilling to adopt as a matter of law CNN's sweeping assertions regarding the significance of a retweet, or what it means to "follow" someone on Twitter, and therefore denies CNN's motion for reconsideration in part and denies CNN's motion to certify an interlocutory appeal.

**I. BACKGROUND**

  Plaintiffs John P. ("Jack") and Leslie A. Flynn (collectively, "the Flynns") brought claims of defamation and false light against Defendant Cable News Network ("CNN") for airing a report that the Flynns allege falsely called them QAnon followers. CNN moved to dismiss the Flynns' claims

and on October 22, 2021 Magistrate Judge Sarah L. Cave issued a Report and Recommendation (the "R&R") granting CNN's motion to dismiss. Dkt. No. 38. The Flynns objected to the R&R. Dkt. No. 39. In *Flynn v. Cable News Network, Inc. (Flynn I)*, the Court adopted the R&R in part and rejected it in part. No. 1:21-cv-2587, 2021 WL 5964129 (S.D.N.Y. Dec. 16, 2021). The Court granted CNN's motion to dismiss the Flynns' defamation claim, but held that the Flynns plausibly alleged a false light claim.

The Court refers to the R&R, and to *Flynn I*, for a comprehensive description of the facts and procedural history of the case. On December 30, 2021, CNN moved for reconsideration of *Flynn I*. Motion for Partial Reconsideration ("Mot."), Dkt. No. 49. The Flynns filed their opposition to CNN's motion on January 13, 2022. Dkt. No. 51. CNN filed its reply on January 20, 2022. Reply in Support of Motion for Reconsideration ("Reply"), Dkt. No. 54.

**II. LEGAL STANDARD**

Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which counsel believes the Court has overlooked." "Motions for reconsideration are . . . committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigr. and Customs Enf't*, No. 14-cv-6117, 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (quoting *Wilder v. News Corp.*, No. 11-cv-4947, 2016 WL 5231819, at *3 (S.D.N.Y. Sept. 21, 2016)). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703, 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). As such, reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2015) (internal quotation marks omitted) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)).

### III. DISCUSSION

#### A.  Falsity

CNN seeks reconsideration of the Court's holding that the Flynns plausibly alleged a false light claim.  In *Flynn I*, the Court explained that to prevail on a false light claim, "a plaintiff must establish that '[t]here has been some publication of a false or fictitious fact which implies an association which does not exist; [and] [t]he association which has been published or implied would be objectionable to the ordinary reasonable man under the circumstances.'"  2021 WL 5964129 at *4 (alterations in original) (quoting 9 R.I. Gen. Laws § 9-1-28.1(a)(4)).  The Court noted that:

> The Flynns object to Judge Cave's conclusion that the Flynns' tweets establish that they were QAnon followers.  Whether the Flynns were QAnon followers, and in particular, whether the Flynns were "followers" as that word is understood in the context of CNN's publication, is a highly fact-intensive inquiry.  Here, the Flynns specifically allege that they are not QAnon followers and allege that Jack's tweets show that he "embraced the Constitution and equal justice under the law . . . not the dangerous, extremist, racist, anti-Semitic and violent beliefs espoused by QAnon" and that he has "denied basic tenets of the QAnon movement."  At the motion to dismiss stage, the Court cannot discredit these factual allegations and must draw all reasonable inferences in the Flynns' favor.  Further, although "[t]he truth of factual allegations that are contradicted by documents properly considered on a motion to dismiss need not be accepted," the Flynns' tweets do not conclusively contradict their factual allegations.  Even though the tweets express support for QAnon and are therefore evidence that the Flynns were QAnon followers, the Court cannot weigh evidence in deciding a motion to dismiss.  Instead, the Court's task is to assess the legal feasibility of the complaint.  Because the Court accepts the Flynns' allegation that they are not QAnon followers as true, the Flynns have plausibly alleged that CNN's statement was false.

*Id.* (citations omitted).

CNN's primary argument in support of its motion for reconsideration is that the Court used the wrong legal standard to evaluate whether the Flynns plausibly alleged that CNN's statement was false.  CNN argues that the Court did not analyze whether CNN's statement was materially false and that "[s]tatements are not materially false even if they admit of '[m]inor inaccuracies[,] . . . so long as the substance, the gist, the sting, of the libelous charge be justified.'"  Mot. at 10 (quoting *Masson v. New Yorker Mag., Inc.*, 501 U.S. 496, 516–17 (1991)); *see also id.* (citing *Healey v. New England*

*Newspapers, Inc.*, 555 A.2d 321, 325 (R.I. 1989) for the proposition that "[s]o long as the gist or the sting of the publication is true, the publication is not false"). But the Court cited, and relied upon, the same standard in *Flynn I*. *See* 2021 WL 5964129 at *3 ("A false statement is one whose 'gist or . . . sting' is untrue.").

Ignoring this fact, CNN selectively quotes the Court's opinion to argue that the Court applied a "conclusive falsity" standard, rather than a material falsity standard, because the Court found that the Flynns' tweets do not "conclusively contradict" their factual allegations. Mot. at 1. That argument misconstrues the Court's opinion. As a general rule, at the motion to dismiss stage the Court must accept all factual allegations in the complaint as true. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). However, "[t]he truth of factual allegations that are contradicted by documents properly considered on a motion to dismiss need not be accepted." *BYD Co. Ltd. v. VICE Media LLC*, 531 F. Supp. 3d 810, 825 (S.D.N.Y. 2021) (quoting *In re Aegon N.V. Sec. Litig.*, No. 03-cv-0603, 2004 WL 1415973, at *5 (S.D.N.Y. June 23, 2004)). Consequently, in *Flynn I*, the Court considered whether the Flynns' tweets contradicted their factual assertion that they were not QAnon followers. The Court concluded that they did not. Therefore, the Court was required to accept the Flynns' factual allegation that they were not QAnon followers as true. After the Court made that determination, the Court then considered whether the Flynns had plausibly alleged that CNN's statement was false. In doing so, the Court applied the standard that "[a] false statement is one whose 'gist or . . . sting' is untrue." 2021 WL 5964129 at *3. Thus, contrary to CNN's arguments, the Court did not rely on the wrong standard in analyzing the Flynns' false light claim.

For the avoidance of doubt, the Court will expand on its analysis under the applicable standard. The Flynns' false light claim arose from a report aired by CNN on February 3, 2021, which was entitled "CNN Goes Inside a Gathering of QAnon Followers." The report included a brief clip of the Flynns standing next to Lieutenant General Michael Flynn as he proclaimed, "where we go one, we go all." While the Flynns were on screen, the report simultaneously displayed a

4

chyron with the words "CNN Goes Inside a Gathering of QAnon Followers." The Flynns allege that the report placed them in a false light because they are not QAnon followers.

Before the Court can determine whether the Flynns plausibly alleged that CNN's statement was false, the Court must determine the meaning of CNN's statement that the Flynns were QAnon followers. To determine the meaning of an allegedly false statement, the Court must consider the statement "in the context of the publication in which [it] appear[s], taken as a whole." *Lyons v. Rhode Island Pub. Emps. Council 94*, 516 A.2d 1339, 1343 (R.I. 1986). The Court construes the language "in its 'plain and ordinary sense . . . presumed to have [been used] in their ordinary import in the community in which they are uttered or published.'" *Id.* (alterations in original) (quoting *Reid v. Providence J. Co.*, 37 A. 637, 637 (1897)). "However, words cannot be isolated from the circumstances in which they are uttered." *Id.* "[T]he decisive question is what the person . . . to whom the communication was published reasonably understood as the meaning intended to be expressed." *Id.* (alterations in original) (quoting Restatement (Second) Torts § 563(e) (1977)).

As Judge Cave identified in the R&R, the word "follower" has numerous meanings. *See* R&R at 30–31. Judge Cave did not expressly address the meaning of CNN's statement in the context of the report. Instead, Judge Cave concluded that two of the dictionary definitions of the word "follower"—"one that follows the opinions or teachings of another" and "one that imitates another"—were "most applicable" in this case. *Id.* Judge Cave then concluded that "[a]pplying at least two of the dictionary definitions of follower . . . the Flynns' own statements show that they followed the opinions of and imitated QAnon such that CNN's statement that they were QAnon followers was substantially true . . . ." *Id.* at 32. The Court declined to adopt this portion of Judge Cave's analysis. Nothing in CNN's report suggests that a QAnon follower is someone who merely engages with the movement on Twitter, in the sense that a fan might "follow" their favorite actor. Rather, in the context of CNN's report, the term QAnon follower would be reasonably understood

5

by a viewer to mean an adherent to the QAnon movement, in the sense that a member of a faith follows its belief system.

The report, which was aired roughly a month after the January 6, 2021 attack on the United States Capitol, focuses on individuals attending a QAnon meeting with "prominent figures in the QAnon movement." Dkt. No. 41-1. Among other things, the report shows a speaker at the meeting state "we are at war right now, and we in this room understand that, very, very much." *Id.* One of the individuals at the meeting, known as the QAnon Shaman, is shirtless, has his face painted, and is wearing a horned headdress and a QAnon flag as a cape. *Id.* The report states that at least two people at the meeting were in Washington D.C. on January 6, including the QAnon Shaman, who stormed the Capitol. *Id.* The report interposes footage of the QAnon meeting with violent footage from the January 6 attack. *Id.* A commentator explains that the people at the meeting "felt like they were part of something big and revolutionary and that they were opposing absolute evil." *Id.* The Flynns further allege that, in CNN's own words, QAnon is a "cult" and that "[t]rusting the plan was an important part of QAnon belief." Am. Compl. ¶ 15. In this context, a viewer would reasonably understand that a QAnon follower is an adherent to the QAnon belief system—including the belief that a high-ranking government insider known as "Q" is exposing a cabal of Satan-worshipping pedophiles which controls the government—not merely someone who read or forwarded tweets about QAnon.

With that understanding of the meaning of the word follower in mind, the Court considered whether the Flynns plausibly alleged falsity for purposes of their false light claim. Under Rhode Island law, a false light claim cannot be based on the publication of statements that are substantially true. *Swerdlick v. Koch*, 721 A.2d 849, 862 (R.I. 1998) ("[D]efendant's statements, while sometimes overstated or slightly off the mark in one factual detail or another, nonetheless were based on substantially true facts, and thus cannot be relied upon to support an action for false light."). "A statement is substantially true unless 'it would have a different effect on the mind of the reader from

6

that which the pleaded truth would have produced.'" *RainSoft v. MacFarland*, 350 F. Supp. 3d 49, 60 (D.R.I. 2018) (quoting *Masson*, 501 U.S. at 517). Further, statements are substantially true "even if they admit of '[m]inor inaccuracies[,] . . . so long as the substance, the gist, the sting, of the libelous charge be justified.'" *Id.* at 59 (alterations in original) (quoting *Masson*, 501 U.S. at 517).

The Court adheres to its conclusion that the Flynns plausibly alleged that CNN's statement was false. The Flynns specifically allege that they "are not followers . . . of any extremist or terrorist groups, including QAnon." Am. Compl. ¶ 6. The Court must accept the facts as pleaded in the complaint as true. Further, the Flynns' tweets, which Judge Cave determined were integral to the complaint and could therefore be considered in connection with the motion to dismiss, do not establish that the Flynns are adherents to the QAnon credo. Nevertheless, CNN argues that it was substantially true to call the Flynns' QAnon followers in light of their Twitter activity.

CNN's argument places far too much weight on the significance of the Flynns' social media activity. Crucially, none of the Flynns' tweets state that they are believers in the QAnon movement. For instance, in one of Jack's tweets on August 20, 2020, Jack stated "I advocate for the Constitution and Bill of Rights. If Q does too~No harm no foul." Am. Compl. ¶ 23. Similarly, after a Twitter user replied to one of Jack's tweets with a tweet stating, "We are with you Jack!" along with an image of the letter 'Q' and the slogan "where we go one we go all" superimposed over an American flag, Jack tweeted, "If this means you believe in the constitution and equal justice under the law then this works for me." *Id.* As the Flynns identify in the complaint, while Jack's tweets "embraced the Constitution and equal justice under the law," Jack's tweets do not state that he believes in "the dangerous, extremist, racist, anti-Semitic and violent beliefs espoused by QAnon." *Id.* The Court cannot assume that Jack believes in every viewpoint held by the QAnon movement merely because Jack tweeted that he shares QAnon's alleged belief in the Constitution, the Bill of Rights, and equal justice under the law. CNN's assertion that believing in these principles

7

automatically makes someone a QAnon adherent is simply wrong. A person can believe in certain viewpoints espoused by a movement without believing in all aspects of the movement.

In addition, CNN argues that the Flynns "publicized their support for QAnon" through retweets. Mot. at 3. In the R&R, Judge Cave also relied on the Flynns' retweets to support the conclusion that CNN's statement was substantially true. In one example, Jack retweeted a post which stated, "Qanon is not a violent conspiracy. We are every day people seeking truth. . . . . Qanon's, share and tell your story." Mot. at 3. Judge Cave concluded that "[b]y using the word 'we,' Jack included himself as one who 'follows the opinions' of QAnon, and invited others who 'share[d]' those opinions to join his comments." R&R at 31. By relying on the Flynns' retweets, CNN assumes that the Flynns believed in, and adopted, everything that they retweeted. In essence, CNN is asking the Court to conclude as a matter of law that retweeting a statement is the same as making the statement in the first instance.

The Court disagrees. Jack did not make the statement, "We are every day people seeking truth." He retweeted it. There are many reasons that someone might retweet a statement; a retweet is not necessarily an endorsement of the original tweet, much less an endorsement of the unexpressed belief system of the original tweeter, as CNN would have it. Therefore, at the motion to dismiss stage, the Court cannot conclude as a matter of law that Jack adopted the content of the tweet and was therefore calling himself a member of the QAnon movement by using the word "we." Nor can the Court conclude that the Flynns personally believed the other statements that they retweeted, particularly in light of the Flynns' factual allegation that they do not share the beliefs of the QAnon movement.

CNN also places a lot of weight on the July 4, 2020 video that Jack retweeted, in which the Flynns recite the known QAnon phrase "where we go one, we go all." *See* Reply at 2–3. Yet, in the complaint the Flynns allege that their recitation of the phrase "did not signify any kind of support for QAnon" and that "[i]t was not an oath of allegiance to QAnon, or any kind of oath at all." Am.

8

Compl. ¶ 4 n.1. The Court takes no position on whether, at a later stage in the case, a factfinder may discredit this allegation. At this stage in the case, however, the Court must accept the Flynns' factual allegations as true and draw all reasonable inferences in their favor. *See Chambers*, 282 F.3d at 152. Consequently, at this stage of the case the Court must accept that the Flynns' recitation of the phrase does not suggest that the Flynns are QAnon adherents.

In sum, the Flynns' tweets are not sufficient to establish that it was substantially true to call the Flynns QAnon followers. The ultimate question is whether CNN's statement would have a different effect on the mind of the reader than the pleaded truth. *RainSoft*, 350 F. Supp. 3d at 60. The Flynns allege that QAnon is a "dangerous," "violent," "racist," "extremist," "insurrectionist," and "domestic terrorism" movement. Am. Compl. ¶ 3. As alleged, the Flynns do not share those beliefs and the Flynns' tweets do not establish otherwise. Accordingly, given the extreme negative connotations of being a QAnon follower, the Flynns have adequately alleged that being labeled a QAnon follower would have a different effect on the mind of a viewer than the pleaded truth. Accordingly, CNN has not shown that the Court committed any error—let alone clear error—in *Flynn I*.

The cases cited by CNN do not compel a different conclusion. For example, CNN argues that the case *Vetere v. Associated Press, Inc.*, No. 88-cv-4115, 1989 WL 39664, at *2 (S.D.N.Y. Apr. 17, 1989), presents a "near identical scenario" to this case. *See* Reply at 3. CNN is mistaken. In *Vetere*, the court addressed whether a statement calling the plaintiff "a former member of the American Nazi Party" was substantially true. *Id.* at *1. At summary judgment, the court concluded that the statement was substantially true because although the plaintiff was not a member of the American Nazi Party, he participated in the American Nazi Party's successor organization, which also considered itself a neo-Nazi group. *Id.* at *2.

This case is readily distinguishable from *Vetere*. Importantly, *Vetere* was decided at summary judgment. In that procedural context, the court could conclude that because of the similarity

9

between the American Nazi Party and its successor organization "[a] reasonable trier of fact would not consider the difference in names to be of any moment," and that "the difference between membership and participation in this context is also a slight one that would not greatly affect a reader of the . . . news report." *Id.* This case, by contrast, is at the motion to dismiss stage. To reiterate, the Court therefore must accept the Flynns' factual allegations as true and draw all reasonable inferences in their favor. The Flynns alleged that they are not members of the QAnon movement and that they do not share QAnon's extremist beliefs. That is the pleaded truth, and it is substantially different from calling someone a QAnon adherent. Thus, the Court cannot conclude that CNN's statement would have the same effect on the mind of a viewer as the pleaded truth.

For these reasons, the Court cannot conclude as a matter of law that the substance, the gist, or the sting of CNN's statement is true. Accordingly, the Flynns have plausibly alleged that CNN's statement is false, and the Court adheres to its holding denying CNN's motion to dismiss the Flynns' false light claim.[1] CNN's motion for reconsideration on this ground is denied.

**B. Negligence**

CNN also argues that the Court should reconsider its ruling that the Flynns plausibly alleged negligence for purposes of their defamation claim. As the Court explained in *Flynn I*, "[u]nder Rhode Island law, '[t]o prevail in a defamation action, a plaintiff must prove: (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) damages, unless the statement is actionable irrespective of special harm.'" 2021 WL 5964129 at *3 (quoting *Marcil v. Kells*, 936 A.2d 208, 212 (R.I. 2007)). In the R&R, Judge Cave recommended that the Court dismiss the Flynns'

---

[1] In a footnote, CNN argues for the first time that the Flynns' false light claim should be dismissed for failure to allege actual malice because where "the speech challenged in a false light claim pertains to a matter of public concern, a plaintiff must allege that a defendant acted with actual malice." Mot. at 15 n.10. "However, a party is not permitted to raise a new argument in a motion for reconsideration that it failed to raise in the underlying motion." *Devi v. Silva*, 861 F. Supp. 2d 135, 143 (S.D.N.Y. 2012). Accordingly, to the extent that CNN also seeks reconsideration on this ground, CNN's motion is denied.

defamation claim on various grounds, including that the Flynns failed to plausibly allege that CNN was negligent in making the allegedly defamatory statement. Reviewing the Flynns' objections to the R&R, the Court concluded that the Flynns had plausibly alleged negligence, but ultimately adopted the R&R's recommendation to dismiss the defamation claim because the Flynns failed to plausibly allege that they suffered special damages or that CNN's statements were defamatory *per se*. The Flynns have not repleaded their defamation claim and the deadline for the Flynns to do so has passed.

Whether the Flynns plausibly alleged that CNN was negligent for purposes of their defamation claim is a complex issue under Rhode Island law on which there is little guidance. As Judge Cave observed in the R&R, "[v]ery few Rhode Island courts have addressed in detail the level of allegations necessary to plausibly allege a defendant's negligence for purposes of a defamation claim." R&R at 34. Further, because the Court adopted the R&R's recommendation to dismiss the Flynns' defamation claim on an alternative ground, the Court was not required to address the Flynns' objections to the R&R's conclusion that the Flynns failed to adequately plead negligence. *See Middlebrooks v. Bradt*, No. 15-cv-1054, 2018 WL 1428252, at *1 (W.D.N.Y. Mar. 22, 2018) ("Because the Court adopts the Report and Recommendation on this basis, the Court need not address Plaintiff's objections to the remainder of Judge Scott's recommendations."), *aff'd*, 794 F. App'x 72 (2d Cir. 2019). It was unnecessary for the Court to decide this complex state law issue, and the Court declines to do so here. Therefore, the Court grants CNN's motion for reconsideration in part and voids the portion of *Flynn I* which held that the Flynns plausibly alleged that CNN was negligent.

### C. Interlocutory Appeal

In the alternative, CNN asks this Court to certify *Flynn I* for interlocutory appeal under 28 U.S.C. § 1292(b). "It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Thus,

interlocutory appeals are "strongly disfavored." *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010). Even so, a district court may certify for appeal an order that "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The moving party has the burden of establishing all three elements." *Youngers v. Virtus Inv. Partners Inc.*, 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017) (quoting *Segedie v. The Hain Celestial Grp., Inc.*, 14-cv-5029, 2015 WL 5916002, at *1 (S.D.N.Y. Oct. 7, 2015)).

CNN fails to establish the statutory requirements for certification. CNN argues that there is a substantial ground for a difference of opinion because there is "a genuine doubt as to the correct applicable legal standard that was relied upon in the order." *See* Mot. at 17 (quoting *In re Worldcom, Inc.*, No. M-47 HB, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003)). However, as explained above, CNN's reading of *Flynn I* is flawed—the Court did not apply the wrong legal standard to determine whether the Flynns plausibly alleged that CNN's statement was false. While CNN disagrees with the Court's decision, "[a] mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion." *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 426 F. Supp. 2d 125, 129 (S.D.N.Y. 2005). Accordingly, CNN's motion for certification under 28 U.S.C. § 1292(b) is denied.

## IV. CONCLUSION

For the reasons stated above, CNN's motion for reconsideration is GRANTED in part and DENIED in part and CNN's motion for certification under 28 U.S.C. § 1292(b) is DENIED. On reconsideration, the Court voids the portion of *Flynn I* which held that the Flynns plausibly alleged that CNN was negligent for purposes of their defamation claim. Because the Court dismissed the Flynns' defamation claim on alternative grounds, granting CNN's motion to reconsider on this ground does not impact the Court's ultimate holding in *Flynn I*.

The Clerk of Court is directed to terminate the motion pending at Dkt No. 49.

SO ORDERED.

Dated: August 12, 2022
New York, New York

                                            GREGORY H. WOODS
                                        United States District Judge